THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEROME MARSHALL and JANET MARSHALL, Respondents. — Order, Supreme Court, New York County (Pecora, J.), entered January 29, 1982, dismissing the indictment for failure to proceed in a timely manner, unanimously reversed, on the law and the facts, the indictment is reinstated and the case is remanded for further proceedings. Defendants were arrested on March 11, 1981 and arraigned in Criminal Court the next day on complaints charging them with criminal possession of stolen property in the first and second degrees. The case first appeared on the Criminal Court Calendar on March 17, pending indictment. Four subsequent adjournments were requested by the People. The record does not reflect reasons stated for these adjournments. However, it is now known

that Detective O'Sullivan, the complaining witness who had arrested defendants, had suffered an injury on March 29, and was incapacitated and unable to return to duty from his home in Orange County until July 2. Meanwhile, on June 26, the fourth adjourned date, the complaints against defendants were dismissed for failure to prosecute. Later in the summer the case was presented to the Grand Jury which returned an indictment on September 4, 1981, charging defendants with criminal possession of stolen property in the first and second degrees. Supreme Court warrants were issued for defendants' arrest. Assistant District Attorney Quinn testified that defendants' attorney telephoned sometime on September 9, 10 or 11 concerning the arrest warrants and offered to have his clients surrender at a convenient date, which turned out to be September 17. Defendants were arraigned the following day, at which time the People declared readiness for trial. The prosecution must be ready to proceed to trial within six months of the commencement of a felony criminal action (CPL 30.30, subd 1, par [a]). Six months and seven days elapsed between defendants' initial arrest on March 11 and the People's indication of readiness for trial on September 18. However, most of the period between the issuance of the Supreme Court arrest warrants and defendants' surrender should not be charged to the People. In particular, the People should not be charged with any delay from the date that defendants' attorney acknowledged the existence of the arrest warrants and sought additional time for surrender, for the convenience of his clients. Depending on whether the attorney's telephone conversation was on September 9, 10 or 11, the length of time excludable until defendants' actual surrender on September 17 was six, seven or eight days. The arrest warrants were issued on September 11. Thus, at the least, six days' delay for the convenience of defendants should not be charged to the People, notwithstanding the Assistant District Attorney's erroneous concession that this period was includable. CPL 30.30 (subd 4, par [g]) also excludes "other periods of delay occasioned by exceptional circumstances". Such circumstances include "the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period". Obviously the testimony of Detective O'Sullivan was crucial to this prosecution. Ninety-five days were lost due to O'Sullivan's injury and recuperation. Even in the absence of a formal continuance, paragraph (g) of subdivision 4 justifies periods of delay not otherwise expressly covered by the statute. "The unavailability of a principal prosecution witness, for medical reasons, is a sufficient exceptional circumstance to warrant the exclusion of the period of delay." (*People v Goodman,* 41 NY2d 888, 889.) No additional burden need be borne by the People under such circumstances other than a showing of "due diligence to make the witness available" (*People v Zirpola,* 57 NY2d 706, 708). Even a requirement that the District Attorney specifically base his request for continuance on the unavailability of the material witness for medical reasons during the six-month period, raised by the dissent in *People v Goodman* (41 NY2d, *supra,* at p 893), was rejected *sub silentio* by the majority in that case. As long as the material witness' unavailability for medical reasons can be verified, that period of time should be excludable as an exceptional circumstance under CPL 30.30 (subd 4, par [g]). Concur — Asch, J. P., Bloom, Fein, Milonas and Alexander, JJ.