## FOURTH DEPARTMENT, DECEMBER, 1983

### (December 12, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KENT COLLINS, GERALD MONTAGUE and WILLIE MONTAGUE, Respondents. — It is hereby

ordered, that this court's memorandum dated April 1, 1983 [93 AD2d 981] in the above-entitled matter is hereby vacated and the following memorandum is substituted in place thereof: Memorandum: The People appeal from an order granting defendants' oral pretrial motion to dismiss the indictment on the grounds that defendants were denied their right to a speedy trial pursuant to CPL 30.30. The court erred in granting defendants' oral motion to dismiss. A motion to dismiss an indictment for failure to grant a defendant a speedy trial must be made in writing and upon reasonable notice to the People (CPL 210.45; *People v Marrero,* 85 AD2d 610; *People v Weinberg,* 59 AD2d 727; *People v Dedmon,* 53 AD2d 646). In any event, the record does not support dismissal of the indictment under either CPL 30.30 (statutory ready for trial rule) or CPL 30.20 (constitutional right to speedy trial). The record clearly establishes that the People announced their readiness for trial on the record within the statutory six-month period and thus satisfied their obligation under CPL 30:30 (*People v Giordano,* 81 AD2d 1003, affd 56 NY2d 524). The criminal action herein is deemed to have commenced for the purpose of CPL 30.30 on June 26, 1980, the date when the accusatory instruments were filed (*People v Lomax,* 50 NY2d 351, 355-356). Defendants were indicted on December 16, 1980 and arraigned on December 22, 1980, at which time they were granted adjournments to make pretrial motions. The period from June 26, 1980 to December 16, 1980 is chargeable to the People. The court found that the period from December 16, 1980 to December 22, 1980 was excludable as a reasonable time for the People to notify the defendants to appear for arraignment. The period from December 22, 1980 through March 3, 1981 for determination of pretrial motions is chargeable to defendants. The People announced their readiness for trial on February 20, 1981 and again on March 3, 1981. Once the District Attorney makes a record announcement of his readiness for trial, the operational effect of CPL 30.30 is exhausted (*People v Brothers,* 50 NY2d 413, 417; *People v Giordano, supra*). Any delay after the People announced their readiness for trial was attributable to court congestion which does not entitle defendants to dismissal under CPL 30.30 (*People v Brothers, supra*). In reviewing the alleged abridgement of defendants' constitutional right to a speedy trial pursuant to CPL 30.20, we must consider the entire period from arrest to trial to determine whether or not the delay is improper (*People v Johnson,* 38 NY2d 271; *People v Watts,* 78 AD2d 1008). There is no per se period beyond which a criminal prosecution may not be pursued (*People v Taranovich,* 37 NY2d 442, 445). Each case requires "a sensitive weighing process of the diversified factors" (*People v Taranovich, supra,* p 445). The factors which must be balanced to determine whether or not a defendant's constitutional right to a speedy trial has been abridged are: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (*People v Taranovich, supra,* p 445). Upon our review of the record, we can find no showing of actual prejudice to defendants nor any claim by defendants that their defense has been prejudiced as a result of the delay. Only one year and four days elapsed between the commencement of the criminal action on June 26, 1980 and defendants' scheduled trial on June 30, 1981. Of this period less than six months is chargeable to the People. The balance of the delay was caused by pretrial motions chargeable to the defense and calendar congestion. "[D]elay occasioned by inadequate facilities or personnel *weighs less heavily* against the State" (*People v Johnson, supra,* p 279). Except for a brief period following their arrest, defendants have been free on bail during this entire period. Thus, we find no deprivation of defendants' constitutional

right to a speedy trial. Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.