(December 18, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILLIP CONNER, Also Known as PHILLIP CONNOR, Respondent. — Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered on December 15, 1983, affirmed for the reasons stated by Atlas, J., at the hearing of December 15, 1983.

We agree with the facts as set forth in the dissent but take issue with the characterization of the delays as arising, for convenience's sake, from the action or with the consent of the defendant. The diligence of the defendant and his attorney in appearing on June 28 and July 7 when the People were not ready to proceed did not impose a duty upon them to do what the prosecution had inadvertently failed to do, i.e., calendar the case. Any convenience to defense counsel which may arguably have resulted was mere fortuity. Indeed, in light of the unreadiness of the People, it would seem that the prosecution was also "convenienced" by the delays. Lastly, there was no "continuance granted by the court at the request of, or with the consent of, the defendant or his counsel." (CPL 30.30, subd 4, par [b]). There being no matter before the court due to the prosecution's inaction, there was nothing to be adjourned. Concur — Murphy, P. J., Sandler and Fein, JJ.

Silverman and Lynch, JJ., dissent in a memorandum by Lynch, J., as follows: We dissent and would reverse and reinstate this indictment for assault, second degree. It was dismissed when Special Term found that the People had exceeded by three days the statutory six-month (183 days) speedy trial provision (see CPL 30.30, subd 1, par [a]). A 16-day period from June 28 to July 13, 1983 was included in the delay found attributable to the People. We would exclude this period, finding that the delay from June 28 to July 7 was with the consent of or by the affirmative action of counsel for the defendant (see *People v Abbatiello,* 30 AD2d 11, 15), and that the delay from July 7 to July 13 was for the convenience of the defendant (see *People v Marshall,* 91 AD2d 900, 901).

On June 17, 1983, an Assistant District Attorney informed the defendant's attorney that his client had been indicted and he was asked to bring the defendant to court at the earliest convenient date. Defense counsel selected June 28 because he would be in New York County that day for other criminal court engagements. Counsel and client came to court at 9:30 in the morning of June 28 only to learn that the case, despite instructions from the District Attorney's office, had not been calendared. They were told by a court clerk that the case could not be called until 5:30 that afternoon. They did not wait nor did they

intend to return later that day, for the reason given that defense counsel had to serve his other court engagements. Defense counsel has also admitted that, from the time he learned that his client had been indicted, he intended to ask to be relieved and replaced by an 18-b attorney because the defendant could no longer afford his services. Leaving court the morning of June 28, defense counsel told the Assistant District Attorney that he would arrange another appearance date with his office.

The next date was set for July 7. Defense counsel was then engaged in a trial but he sent a law partner to appear with defendant. Once in court they informed no one of their presence and, learning that once again the case had not been calendared, they left. July 13 was then set for an appearance. Prior to that day, defendant's attorney informed the District Attorney's office that his client could no longer afford his services and asked that defendant be arraigned in his absence and an 18-b attorney appointed for him. Defendant appeared alone on the 13th. He pleaded not guilty and was provided with an 18-b attorney who moved to dismiss for lack of prosecution.

The delay from June 28 to July 7 cannot in the final analysis be attributed to the calendaring error. The case could have and would have been called at 5:30 that afternoon had it not been for the affirmative action of defense counsel in electing not to return to court that afternoon, an election explicitly attributable to his other court engagements. When defense counsel's law partner discovered that the case had not been calendared on July 7, he courted an adjournment by not disclosing that he and the defendant were present. Such an adjournment served the defendant's convenience because his own attorney was then engaged in a trial. Had their presence been known the case could have been calendared later that day.

By affirming, the majority sanctions the defendant profiting both ways. He reaped the benefit of the two delays that served the convenience of his counsel and now he is permitted to use the delays to have the indictment dismissed.