■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES G. PRESSLEY, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's principal contention on appeal is that County Court erred in denying his motion to dismiss the indictment on the ground that the People were not ready for trial within six months of the commencement of this criminal action (CPL 30.30 [1] [a]). The criminal information was filed on February 2, 1982 and the People announced their readiness for trial on November 24, 1982. We need only determine whether County Court properly excluded from the computation of time (CPL 30.30 [4]) the period of 58 days during which the victim was medically unavailable; the period of 47 days between June 17, 1982 and August 3, 1982, the date for which a preliminary hearing was scheduled; and the period of 17 days between August 17, 1982, when defendant was again arraigned following dismissal of the first information, and September 9, 1982, when a preliminary hearing was held.

The finding that the victim was medically unavailable for 58 days is amply supported by the record and was properly excluded. Since no amount of diligence on the part of the District Attorney could have made the victim available, no additional proof was required under CPL 30.30 (4) (g) (*People v Goodman,* 41 NY2d 888; *People v Marshall,* 91 AD2d 900; *cf. People v Zirpola,* 57 NY2d 706; *People v Washington,* 43 NY2d 772).

The statute also requires exclusion of "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]). We reject defendant's argument that because the District Attorney was empowered to present the case directly to a Grand Jury, the adjournment of proceedings in City Court for the purpose of scheduling a preliminary hearing is not the equivalent of a continuance; it is. County Court properly found that on June 17, 1982 defendant's attorney requested a preliminary hearing and consented that it be held on August 3, 1982, and also correctly concluded that on

August 23, 1982 defendant's attorney consented to the continuance to September 9, 1982. Thus, those periods of delay were properly excluded from the computation *(see, People v Sturgis,* 38 NY2d 625; *People v Campbell,* 96 AD2d 725; *People v Thill,* 75 AD2d 709, *revd on other grounds* 52 NY2d 1020, *on remand* 81 AD2d 754, *cert denied* 454 US 829). It follows that the People announced their readiness for trial within six months of commencement of this criminal action.

Although unnecessary to our determination, we note additionally that defendant properly concedes that the six-day period between June 11, 1982 and June 17, 1982 should be excluded from the computation. Moreover, while County Court also excluded the delay of 45 days between September 28, 1982 and November 12, 1982 as having occurred at defendant's request (CPL 30.30 [4] [b]), the record indicates that defendant's stipulation supporting that exclusion was first made in open court on September 30, 1982. Thus the period to be excluded on that basis must be reduced to 43 days.

We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Erie County Court, McCarthy, J.—attempted murder, second degree, and other offenses.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.