■ The People of the State of New York, Respondent, v Marion Martin, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered February 4, 1983, convicting him of criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arraigned on a felony complaint on May 15, 1981. On June 8, 1981, the defendant was arraigned on an indictment which superseded the felony complaint. On February 16, 1982, the People announced their readiness for trial. After a series of delays chargeable to the People, the defendant moved on March 15, 1982 to dismiss the indictment, claiming that the People failed to be ready for trial within the six-calendar-month period required by CPL 30.30 (1) (a).

The defendant's arraignment on the felony complaint commenced the criminal proceeding *(see, People v Sinistaj,* 67 NY2d 236). The six-calendar-month period in which the Peo-

ple were obligated to record their present readiness (May 15, 1981 to Nov. 15, 1981) constituted 184 days in this case. The period between the commencement of the proceeding and the defendant's CPL 30.30 motion (May 15, 1981 to Mar. 15, 1982) is 304 days. On March 29, 1982, after the court (Goldstein, J.) denied the defendant's CPL 30.30 motion the People again announced their readiness. Thus, the People bear the burden of showing that the excess 120 days over the 184 allowable days are excludable pursuant to CPL 30.30 (4) *(see, People v Pappas,* 128 AD2d 556).

After subtracting the periods of delay attributable to (1) the defendant's pretrial motions (29 days, from June 8, 1981 to July 7, 1981; and four days, from Aug. 28, 1981 to Sept. 1, 1981); (2) the defendant's express consent (52 days, from July 7, 1981 to Aug. 28, 1981); (3) specific adjournment requests by the defense (24 days, from Sept. 28, 1981 to Oct. 22; and 35 days, from Dec. 16, 1981 to Jan. 20, 1982) *(see,* CPL 30.30 [4] [a], [b]; *People v Worley,* 66 NY2d 523); (4) the undisputed medical unavailability of the complaining witness (21 days, from Nov. 12, 1981 to Dec. 3, 1981) *(see,* CPL 30.30 [4] [g] [i]; *People v Pressley,* 115 AD2d 228); and (5) court congestion after a showing of readiness by the People (seven days, from Feb. 16, 1982 to Feb. 23, 1982), the total time chargeable to the People amounts to 132 days—well under the 184-day limit.

Accordingly, since the People have sustained their burden, the defendant's motion to dismiss the indictment was properly denied. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.