THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALEX TORO, Respondent.

First Department, October 31, 1989

## APPEARANCES OF COUNSEL

*Carol A. Remer-Smith* of counsel *(Mark Dwyer* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for appellant.

*Carol Grumbach* of counsel *(Philip L. Weinstein,* attorney), for appellant.

## OPINION OF THE COURT

RUBIN, J.

Defendant brought a motion to dismiss the indictment against him on the ground that his right to a speedy trial had been violated (CPL 30.30). At the hearing on the motion, the court found a total of 242 days includable pursuant to CPL 30.30 (4) (c). The Trial Judge charged the People with 49 days out of a period of 51 days from April 15 to June 5, 1986, during which time the record reflects that defendant was reported by counsel to have been hospitalized. The court issued a bench warrant on April 15, which it stayed until the next scheduled court appearance on May 5. On this occasion, it was reported by an attorney for Legal Aid that defendant was incarcerated on another charge. The matter was then adjourned until May 7 to join the other case. On that date, defendant was reported to be in Bellevue Hospital with "kidney problems". Defendant subsequently underwent a splenectomy.

The trial court charged the periods from April 15 to May 5 and from May 7 to June 5 to the People. Upon this appeal, the parties debate whether defendant was "unavailable" within the contemplation of CPL 30.30 (4) (c) and whether the People can be required to affirmatively demonstrate that his presence for trial could not be obtained by due diligence *(see, People v Taylor,* 127 AD2d 714). Court records are inconsistent, indicating both that the adjournment was by "consent" and that the time was to be included for the purpose of calculating the statutory period (CPL 30.30 [1] [a]). (The record also discloses that an offer of a one-year sentence in return for a plea of guilty to a class A misdemeanor was made to defendant at this time.) However, it is clear from defendant's absence due to hospitalization that the bench warrant was stayed for his convenience, and this time period is therefore excludable *(People v Meierdiercks,* 68 NY2d 613). The period from May 7 to June 5 is similarly excludable on account of

defendant's absence due to his hospitalization for major surgery.

■ The indictment was filed on June 13, 1986 and adjourned for arraignment until June 26, when it was again adjourned to June 30. This period was improperly excluded. It is settled that the period from the commencement of an action, viz., the date the complaint is filed (CPL 100.05), to the date of arraignment on the indictment is chargeable to the People *(People v Rhee,* 111 AD2d 655).

■ Finally, the motion court improperly included the period from June 30, to August 26, 1986. On June 30, defendant submitted an omnibus motion demanding, *inter alia,* dismissal of the indictment on the ground that he was not accorded an opportunity to appear and testify before the Grand Jury (CPL 210.20, 210.35). This motion was subsequently granted and the indictment dismissed with leave to resubmit. A second indictment was filed on December 5, 1986. The motion court reasoned that defendant should not be charged with the time necessary to determine the motion which resulted in dismissal of the first indictment.

The Court of Appeals has clearly set forth the law in this area. There is only "one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of the action" *(People v Lomax,* 50 NY2d 351, 356). For purposes of CPL 30.30 (1) (a), the six-month period within which the People must declare their readiness for trial commences at the filing of the original felony complaint *(People v Osgood,* 52 NY2d 37). Where, as here, an indictment relates back to an earlier one for the purpose of computing the statutory period, it also relates back for the purpose of calculating any time which is excludable from the statutory period *(People v Sinistaj,* 67 NY2d 236). Therefore, the 57 days during which defendant's omnibus motion was before the court are expressly excludable pursuant to the provisions of CPL 30.30 (4) (a).

Excluding the 49 days during which defendant was undergoing medical treatment and the 57 days his omnibus motion was pending, and including the 17 days between the filing of the indictment and his arraignment thereon, the People are chargeable with 153 days, well within the six-month statutory limit.

Accordingly, the order of the Supreme Court, New York

County (Frederic S. Berman, J.), entered June 12, 1987, dismissing the indictment for criminal sale of a controlled substance in the third degree based upon a violation of defendant's right to a speedy trial (CPL 30.30), should be reversed, on the law and the facts, the indictment reinstated, and the matter remanded for trial.

KUPFERMAN, J. P., ROSS, KASSAL and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on June 12, 1987, unanimously reversed, on the law and the facts, the indictment reinstated, and the matter remanded for trial.