OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant was charged with several counts of criminal possession of a weapon in the third and fourth degrees. By motion, the defendant sought to dismiss the indictment for the *180 People’s failure to comply with CPL 30.30. On December 7, 1989, after oral argument held on October 19, 1989, this court granted the motion. This opinion sets out the findings and conclusions of the court.
The complaint in this case was filed on June 30, 1988. Accordingly, the People had to be ready for trial by December 30, 1988, or within 183 days. On June 22, 1989, the time was stopped by the filing of defendant’s motion pursuant to CPL 30.30 to dismiss for lack of speedy trial. The period from June 30, 1988 to June 22, 1989 is 358 days, and the People must establish that 175 days are excludable.
JUNE 30,1988 — DECEMBER 28, 1988:
The complaint was filed on June 30, 1988, but the indictment was not filed until November 9, 1988. The People agree that these 133 days are includable time. No arraignment took place until December 28, 1988. This period of 49 days is also included because "the period from the commencement of an action, viz., the date the complaint is filed (CPL 100.05), to the date of arraignment on the indictment is chargeable to the People”. (People v Toro, 151 AD2d 142, 144 [1989].) One hundred eighty-two days are included.
DECEMBER 28, 1988 — JANUARY 19,1989:
On December 28, 1988, the People announced ready and the case was set for the Part 46 Calendar on January 19, 1989. Twenty-two days are excluded.
JANUARY 19, 1989 — APRIL 27, 1989:
On January 19, 1989, a pretrial motion schedule was set. Defense filed papers on February 28, 1989. The defendant did not appear on March 2, 1989. A warrant was issued and the case adjourned to March 9, 1989. On March 9, the defendant appeared and the warrant was vacated. The People filed their response papers on April 4, 1989. On the next adjourned date, April 6, 1989, the defendant failed to appear. The case appeared on the Part A Calendar on April 11, 1989, when the defendant returned on the warrant. The Part A Judge adjourned the case to the Part 46 Calendar for April 20, 1989.
On April 27, the defense pretrial motion was decided. Counts four, five and six of the indictment were dismissed for violations of the Appellate Division decision in People v Cade (140 AD2d 99 [2d Dept 1988], adhered to on rearg 145 AD2d *181 565, revd 74 NY2d 410).[1] Counts one, two, three and four were dismissed because the record did not show that at least 12 jurors who heard all the evidence voted for the indictment.[2]
This court rejects the defense claim that all time is included because the indictment was invalid. The invalidity of the indictment in this case was not determined until the court ruled on the merits of the motion to dismiss. Until the decision was made, a valid indictment was pending and the statute required exclusion of the time because of pending pretrial motions and the defendant’s failure to appear. (People v Traficante, 143 AD2d 443 [3d Dept 1988].) Ninety-eight days are excluded.
APRIL 27, 1989 — JUNE 12, 1989:
On April 27, 1989, the indictment was dismissed with leave to re-present and the case set for June 12, 1989. A new indictment was voted on May 26, 1989, and was filed on May 30,1989. On June 12,1989, the defendant was arraigned.
The People urge that 45 days be excluded because that was the time this court gave the People to re-present. The prosecutor improperly relies on the 45-day period. CPL 210.45 (9) requires that the court issue a securing order when the entire indictment filed against a defendant is dismissed. The securing order functions as a hold on the defendant while the People decide how to proceed. The securing order is valid for 45 days or until the defendant is arraigned on a new indictment, the charges are dismissed, the Grand Jury declines to indict, or the People ask for additional time for good cause. The 45-day time period does not affect the People’s right to reindict; only the power to hold the defendant in custody and to require conditions of release including bail. The 45-day adjourned date is required to satisfy the statutory requirement that the defendant be immediately released from custody or that bail be exonerated if no action is taken by the People.
The statutory life of the securing order and the date set to fulfill the requirements of CPL 210.45 (9) have no effect on the time within which the People may re-present the case to the *182 Grand Jury (CPL 210.45 [9]). It has no effect on when the People must be ready pursuant to CPL 30.30. For speedy trial purposes the People may take only as much time to re-present the case and arraign the defendant as does not result in includable periods beyond that permissible under CPL 30.30. The People declared ready on December 28, 1988, while the first indictment was pending. This initial notice of readiness preserves for the People the unexpired portion of the readiness period that existed when the People originally declared their readiness. (People v Anderson, 66 NY2d 529 [1985]; People v Jackson, 141 AD2d 562 [2d Dept 1988]; People v Marsh, 127 AD2d 945, 947 [3d Dept], lv denied 70 NY2d 650 [1987]; People v Crew, 121 AD2d 921 [1st Dept 1986].)
The People’s postreadiness delay must be due to some exceptional fact or circumstance (CPL 30.30 [3] [b]), and "is not excused because inadvertent, no matter how pure the intention.” (People v Anderson, supra, 66 NY2d, at 536; People v Jones, 68 NY2d 717 [1986].) The People’s unreadiness was caused by dismissal of the indictment. That event is an exceptional circumstance. Nonetheless, even a circumstance that begins as an exceptional one may lose that quality if the People take inadequate action to overcome the situation when it is possible to do so. CPL 30.30 (3) (b), by its example that a prosecutor must use due diligence to locate an unexpectedly unavailable witness, means that the prosecutor must act speedily with appropriate steps to seek to end the exceptional circumstance that precludes the People’s own readiness. The People did not do that here. In papers and orally the People sought to justify the entire period from April 27, 1989 to May 30, 1989 as needed to file the indictment. The People also seek to justify the period from May 30, 1989 to June 12, 1989, on the grounds that the case could not be advanced for arraignment from the June 12 adjourned date because of the 45-day time period in the statute. As already discussed, that date does not affect the speedy trial time. The Assistant District Attorney urged that an informal rule in the prosecutor’s office allowed the filing of an indictment 10 days after it was voted. However, that period was not determinative here for it took the prosecutor 29 days to present the case and vote the charges. The prosecutor had authority to present the case earlier than he did, to file the indictment earlier than he did and to advance the case for arraignment (People v Toro, *183 supra), as well as to file and serve a notice of readiness. He did none of those things, and the time is includable. (People v Kendzia, 64 NY2d 331 [1985].) Forty-six days are included.
A total of 228 days are included. The indictment is dismissed.

. The Court of Appeals rendered its decision in Cade on October 24, 1989. The People never made any argument between October 24, 1989 and December 14, 1989, based on the Court of Appeals decision, and this court holds that any such claim is waived.

. The People’s assertion that all counts were dismissed for Cade violations is erroneous.