■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN RIVERA, Respondent.—Order, Supreme Court, New York County (Albert Williams, J.), entered on or about August 21, 1987, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law, the motion denied, the indictment reinstated, and the matter remanded for further proceedings.

Pursuant to CPL 30.30 (1) (a), the People are required to announce their readiness for trial within six months[1] of the commencement of a criminal proceeding charging the defendant with a felony, less certain enumerated excludable periods. *(See, People v Kendzia,* 64 NY2d 331, 336 [1985]; CPL 30.30 [4].) We have reviewed the record, and find that after subtracting those periods which must be excluded from computation of the six months within which the People were required to be ready for trial, the People's announcement of readiness was timely.

Of those periods in issue herein, we first consider the 22-day period from the filing of the indictment until defendant was arraigned. The People are entitled to a reasonable period of time between the filing of and arraignment on an indictment; such a "reasonable" time, which is, *inter alia,* to be used for notifying the defendant and arranging for his arraignment, is an excludable period of delay for speedy trial purposes. *(People v Pappas,* 128 AD2d 556, 558 [2d Dept 1987]; *People v Gaggi,* 104 AD2d 422, 423 [2d Dept 1984], *appeal dismissed* 65 NY2d 636 [1985]; *People v Brown,* 113 AD2d 812, 813 [1985], *lv denied* 67 NY2d 649 [1986].) In a determination similar to that once made by King Solomon, Supreme Court excluded six days and charged the remaining 16 days to the People. The court, in excluding the same time period which the Fourth Department excluded in *People v Collins* (98 AD2d 947), attempted to apply that court's *sub silentio* rationale.

This division of time was error. Insofar as the actual number of days found to be reasonable, the rationale actually employed in the instant case is distinguishable from *Collins (supra).* While the *Collins* court allowed the People six days of excludable time, this was the full period of delay; moreover, we note that there is no magic number of days or bright-line rule in this regard. For instance, in *People v Pappas* (128 AD2d, *supra,* at 558), the Second Department determined that

---

1. The allowable six-calendar-month statutory limitation in this case totaled 181 days. *(See, People v Anderson,* 66 NY2d 529 [1985]; *People v Rhee,* 111 AD2d 655, 656 [1st Dept 1985].)

it was reasonable to exclude a 10-day period between indictment and arraignment. *(See also, People v Brown,* 113 AD2d, *supra,* at 813 [10 days between reindictment and arraignment]; *compare, People v Marshall,* 91 AD2d 900, 901 [1st Dept 1983] [holding period of six to eight days excludable where defense counsel "offered to have his clients surrender at a convenient date (following the issuance of arrest warrants upon return of an indictment by Grand Jury)"].) We believe that under this fluid rule, 22 days was reasonable.

In any event, we hold that as a matter of law the entire 22 days is excludable and that 16 days were improperly charged to the People. While defendant relies on our decision in *People v Conner* (106 AD2d 301 [1st Dept 1984], *affd* 65 NY2d 852, 853 [1985]), that case is distinguishable from that herein. In *Conner (supra,* at 301), the People were charged with the delay between the indictment and arraignment where, although defendant and his attorney appeared for arraignment on the first, and then a second date selected by the parties, the prosecutor "had inadvertently failed to * * * calendar the case" and was, therefore, appropriately charged with the delay. In the instant case, however, the delay was visited upon defendant by the court, not the prosecutor, who had no role in calendering the arraignment. Indeed, the court advised defendant when to appear by sending a notice to him. The People should, therefore, not be charged with this delay, which was concededly occasioned by Supreme Court. *(See, People v Worley,* 66 NY2d 523, 525 [1985]; *People v Tavarez,* 147 AD2d 355, 356 [1st Dept 1989], *lv denied* 73 NY2d 1022 [1989] [holding that "(j)ust as court congestion is not chargeable to the People * * * neither should the unavailability of the court * * * for its own convenience"]; *cf., People v Toro,* 151 AD2d 142, 144 [1st Dept 1989] [repeated adjournments between indictment and arraignment held chargeable to the People].)[2] We also note that the People promptly answered ready at the arraignment on the indictment herein.

Two additional periods, of 21 and 14 days, respectively, were also erroneously charged to the People. Supreme Court erred in charging the 21-day period to the People, because it was occasioned by a notice of engagement filed by defendant's counsel. (CPL 30.30 [4] [b].) The 14-day adjournment was

---

2. Our decision in *People v Toro* (151 AD2d 142) should not be construed as establishing a per se rule requiring the period of time between the filing of an indictment and defendant's arraignment thereupon to be chargeable to the People regardless of the circumstances surrounding any such adjournments.

similarly excludable, given that the continuance was requested by defendant's attorney, who called the court clerk to request an adjournment because he was actually engaged in trial.

We concluded that Supreme Court's finding of 212 days of includable time was erroneous for the above-stated reasons. We subtract from this number a total of 51 days—the sum of the excludable 16, 21 and 14 days—and determine that 161 days are chargeable to the People. Since this total is well under the 181-day, six-month speedy trial period applicable herein, we reverse the order of the Supreme Court, reinstate the indictment, and remand the case for trial. Concur—Kupferman, J. P., Carro, Asch, Kassal and Smith, JJ.