■ The People of the State of New York, Respondent, v Robert Revey, Appellant.—Judgment, Supreme Court, New York County (Frederic S. Berman, J., on speedy trial motion; Richard C. Failla, J., at trial and sentence), rendered May 9, 1989, convicting defendant, after a jury trial, of bail jumping in the second degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

Defendant's conviction for bail jumping was based on his failure to appear for sentencing on an assault conviction on November 20, 1987. Defendant moved to dismiss the indictment on the grounds that his statutory right to a speedy trial

was violated. *(See,* CPL 30.30.) The court denied defendant's motion.

The issue is whether the 42-day period from indictment (April 6, 1988) to arraignment (May 18, 1988), during which there was an outstanding bench warrant on the assault case, is chargeable to the People. Defendant argues that before this period may be excluded, the People must demonstrate due diligence in obtaining his presence pursuant to CPL 30.30 (4) (c). The People concede that the 1984 amendment to CPL 30.30 (4) (c) excluding the period extending from the issuance of a bench warrant to the defendant's subsequent appearance in court pursuant to the warrant or voluntarily or otherwise is inapplicable since the warrant related to the assault, not the bail jumping charge. This court, however, need not reach the issue of whether due diligence was shown since "[t]he People are entitled to a reasonable period of time between the filing of and arraignment on an indictment". *(People v Rivera,* 160 AD2d 234; *see, People v Pappas,* 128 AD2d 556, 558.) The 42-day delay here in bringing defendant back to court and arraigning him was reasonable in light of the facts that he had absconded on the assault charge and that a warrant had been outstanding for more than four months before the instant indictment. Thus, this period of time was properly excludable.

Furthermore, it was not error for the trial court to permit the prosecutor to elicit that defendant had been indicted on an assault charge. Evidence of the underlying charge was highly relevant since it proved one of the essential elements of the crime of bail jumping, i.e., that the defendant has been charged with committing a felony (Penal Law § 215.56). Thus, the evidence was not offered solely to show defendant's criminal propensity or "inflame" the jury and "divert" its attention from the "real issues", as defendant contends. In any event, it cannot be said that the mere naming of the felony was unduly prejudicial. We have considered defendant's remaining point and find it to be without merit. Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ. *[See,* — AD2d — (June 13, 1991).]