◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL SANTANA, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Queens County (Calabretta, J.), all rendered September 3, 1987, convicting him of rape in the first degree (three counts), sexual abuse in the first degree (two counts), robbery in the first degree (three counts), burglary in the first degree, criminal possession of a weapon in the fourth degree (three counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that the trial court erred in denying his motion to dismiss on the ground that the People were not ready for trial within the statutory time period (see, CPL 30.30 [1] [a]). The defendant claims that the court improperly excluded two substantial periods in its computation of time chargeable to the People: (1) October 11, 1985, to March 24, 1986, during which the defendant was detained in the Mid-Hudson Psychiatric Facility on a separate indictment (167 days), and (2) March 25, 1986, until October 16, 1986, during which the defendant was detained in Bellevue Hospital prior to his appearance in the Supreme Court, Queens County (206 days). We disagree.

When a defendant moves to dismiss on the grounds specified in CPL 30.30, the burden of proving that certain time periods should be excluded falls upon the People (see, People v Santos, 68 NY2d 859, 861; People v Berkowitz, 50 NY2d 333, 349). Upon our review of the record, we find that the People met their burden of establishing the unavailability of the defendant during the contested periods due to his successive detentions in the Mid-Hudson Psychiatric Facility and Bellevue Hospital. Thus, his presence for trial could not be obtained by due diligence (see, CPL 30.30 [4] [c]; cf., People v Goodman, 41 NY2d 888; People v Martin, 142 AD2d 737; People v Pressley, 115 AD2d 228). Accordingly, the trial court properly excluded these periods in its computation of the time chargeable to the People. Since the remainder of time attributable to the People was well within six months of the commencement of the criminal action, the defendant was not entitled to dismissal.

The defendant's remaining contention similarly lacks merit. There was no impropriety in the trial court's limitation on the consultations between the defense counsel and his expert medical witness (see, People v Narayan, 58 NY2d 904; People v Smith, 111 AD2d 883). Moreover, there was no showing that the defendant was in any way prejudiced by these rulings. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.