■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HAROLD PALACIOS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Sherman, J.), dated April 19, 1990, which granted the defendant's motion pursuant to CPL 30.30 (1) (a) to dismiss the indictment.

Ordered that the order is reversed, on the law, and as a matter of discretion in the interest of justice, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

In granting the defendant's motion to dismiss the indictment on statutory speedy trial grounds, the Supreme Court found that 196 days were chargeable to the People. Included within the total of 196 days charged to the People, were the last 22 days (i.e., March 8, 1989 through March 30, 1989) of a 36-day period between the defendant's indictment and arraignment on that indictment (i.e., February 22, 1989 through March 30, 1989). We disagree with the Supreme Court's determination.

It is undisputed that "the court clerk, pursuant to the

practice in Queens County, scheduled [the defendant's] arraignment on the indictment" *(People v Lopez,* 149 AD2d 735). In *People v Rivera* (160 AD2d 234), the Appellate Division, First Department, excluded the entire period between indictment and arraignment on the ground that:

"Of those periods in issue herein, we first consider the 22-day period from the filing of the indictment until defendant was arraigned * * *.

"[W]e hold that as a matter of law the entire 22 days is excludable * * *. In the instant case * * * the delay was visited upon defendant by the court, not the prosecutor, who had no role in calendering the arraignment. Indeed, the court advised defendant when to appear by sending a notice to him. The People should, therefore, not be charged with this delay, which was concededly occasioned by Supreme Court" *(People v Rivera, supra,* at 234-235; *see also, People v Khan,* 172 AD2d 231).

We are aware of the recent Court of Appeals decision in *People v Correa* (77 NY2d 930, 931), wherein the Court of Appeals held that "[d]elays between indictment and the arraignment * * * are * * * not excludable under CPL 30.30". However, *People v Correa (supra),* is distinguishable from the case at bar since it did not involve the situation where the court clerk fixes the arraignment date. Viewed within the particular framework of this case *(see, People v Rivera, supra),* the amount of time properly chargeable to the People was within the allowable six-calendar-month statutory limitation. Accordingly, the defendant's motion is denied and the indictment is reinstated. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.