■ PEOPLE v ROBERT REVEY.—Wherein it seeks reargument of the decision and order of this Court (168 AD2d 257) entered on December 6, 1990, the motion is granted only to the extent of deleting the third paragraph of the first page of such decision and order and substituting therefor the following; the Court otherwise adheres to its original determination: "The issue is whether the 42-day period from indictment (April 6, 1988) to arraignment (May 18, 1988), during which there was an outstanding bench warrant on the assault case, is chargeable to the People. Defendant argues that before this period may be excluded, the People must demonstrate due diligence in obtaining his presence pursuant to CPL 30.30 (4) (c). The People concede that the 1984 amendment to CPL 30.30 (4) (c) excluding the period extending from the issuance of a bench warrant to the defendant's subsequent appearance in court pursuant to the warrant or voluntarily or otherwise is inapplicable since the warrant related to the assault, not the bail-jumping charge. Since the record amply demonstrates that a showing of 'due diligence' within the meaning of CPL 30.30 (4) (c) has been made, this period of time was properly excluded." Concur—Sullivan, J. P., Ross, Kassal, Smith and Rubin, JJ.