■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HAROLD PALACIOS, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Sherman, J.), dated April 19, 1990, which granted the defendant's motion pursuant to CPL 30.30 (1) (a) to dismiss the indictment. By decision and order dated May 28, 1991, this court reversed the order appealed from, on the law, and as a matter of discretion in the interest of justice, denied the defendant's motion and reinstated the indictment *(People v Palacios,* 173 AD2d 745). On February 25, 1992, the Court of Appeals reversed the order of this court and remitted the matter to this court "for consideration of issues raised, but not passed upon on the appeal to that court" *(People v Palacios,* 79 NY2d 897, 898). That consideration has now been completed.

Ordered that the order is affirmed.

In granting the defendant's motion to dismiss the indictment on statutory speedy trial grounds, the Supreme Court found that 196 days were chargeable to the People. Included within the total of 196 days charged to the People were the last 22 days (i.e., Mar. 8, 1989, through Mar. 30, 1989) of a 36-day period between the defendant's indictment and arraignment on that indictment (i.e., Feb. 22, 1989, through Mar. 30, 1989). This court disagreed with the Supreme Court's determination and excluded the 22 days on the ground that " 'the court clerk, pursuant to the practice in Queens County scheduled [the defendant's] arraignment on the indictment' " *(People v Palacios,* 173 AD2d 745, 745-746, *supra,* quoting *People v Lopez,* 149 AD2d 735). In reversing this court's order determining this issue, the Court of Appeals held, *inter alia,* that the facts of this case were indistinguishable from those of *People v Correa* (77 NY2d 930) and were "controlled by it" *(People v Palacios,* 79 NY2d 897, 899, *supra).* In *People v Correa (supra,* at 931), the Court of Appeals held that "[d]elays between indictment and arraignment * * * do not prevent the People from being ready for trial. Such delays are, therefore,

not excludable under CPL 30.30". Under the holding of *People v Correa,* it is clear that the first 14 days (i.e., Feb. 22, 1989, through Mar. 7, 1989) of the 36-day period between the defendant's indictment and arraignment on that indictment should have also been charged to the People, bringing the total number of days chargeable to the People to 210 days, which exceeds the allowable six-calendar-month statutory limitation (in this case, 181 days), by 29 days. Accordingly, we need not address the People's alternate argument raised on their prior appeal to this court, i.e., that the Supreme Court improperly charged to the People an additional 21-day period (i.e., Dec. 14, 1989, through Jan. 3, 1990). Mangano, P. J., Bracken, Eiber and Miller, JJ., concur.