(January 25, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ORTIZ, Appellant. [606 NYS2d 677] —Judgment of the Supreme Court, New York County (Stephen G. Crane, J.), rendered November 20, 1990, convicting the defendant, after a jury trial of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, and sentencing the defendant to concurrent prison terms of 10 to 20 years, 10 to 20 years and 2½ to 5 years, respectively, unanimously reversed, on the law, the conviction vacated and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the imple-

mentation of CPL 160.50 as in the interest of justice is required.

Pursuant to CPL 30.30 (1) (a), the People are required to announce their readiness for trial within six months of the commencement of a criminal proceeding in which the defendant is charged with a felony. Defendant contends that his right to a speedy trial was denied since the People were not ready until 7½ months of includable time had elapsed. The sole issue on the present appeal is whether the People are accountable for the 45-day period from the filing of the indictment on November 28, 1989, to the calendaring of the case for arraignment on January 12, 1990.

In deciding the motion, the trial court, based upon our holding in *People v Rivera* (160 AD2d 234), deemed the 45-day period excludable. In *Rivera* we had held that the People were entitled to a reasonable period of time between the filing of an indictment and arraignment, such reasonable time being excludable for speedy trial purposes. If, however, it was not clear at the time of the trial court's ruling, it is now that *Rivera* was in error, the Court of Appeals having since held squarely that "[d]elays between indictment and the arraignment, like other court congestion, do not prevent the People from being ready for trial. Such delays are, therefore, not excludable under CPL 30.30" *(People v Correa,* 77 NY2d 930, 931; *see also, People v Cortes,* 80 NY2d 201, 213; *People v Collins,* 82 NY2d 177; *People v Smith,* 82 NY2d 676).

The memorandum decision of the Court of Appeals in *Correa (supra),* of course, merely affirmed a determination of this Court (161 AD2d 391), which we note antedated the trial court's ruling in this case; it did not, contrary to the People's present arguments, articulate any new rule of law. To the contrary, *Rivera (supra)* notwithstanding, it has long been established that the People's lack of readiness to proceed to trial is not generally attributable to court congestion and accordingly that court congestion is not ordinarily a ground for the exclusion of time under CPL 30.30. Nearly a decade prior to the determination here reviewed, the Court of Appeals in *People v Brothers* (50 NY2d 413, 417-418), held: "court congestion before the District Attorney is ready for trial * * * is irrelevant and thus cannot excuse the District Attorney's failure to be ready. While court congestion may prevent a trial, in no sense does it operate to prevent the District Attorney from being ready for trial. Nor does it do to point out that, in the face of known court congestion, it makes little

practical sense to require the District Attorney to expend the effort (largely useless for any other purpose) just to enable him conscientiously to report to the court that he is ready for trial. Any futility on that account stems from the form in which the statute was enacted—expressing a command that the People must be ready for trial rather than that the defendant must be granted a trial within the prescribed period. This, however, inhered in the design of the Legislature in departing from the prompt trial rule of the Administrative Board of the Judicial Conference which had given rise to and was expressly superseded by CPL 30.30."

As it is obvious in light of the foregoing that *Correa* states no new rule of law, but merely reiterates a long and well-established construction of CPL 30.30, it follows that there exists no basis to entertain the People's arguments directed at depriving *Correa* of retroactive effect, such arguments being appropriate only when the precedent to be limited does in fact articulate a new rule *(People v Favor,* 82 NY2d 254).

Finally, consideration of the People's alternate claim respecting the subject 45-day period, namely, that the time is excludable pursuant to CPL 30.30 (4) (c) because the People during that period diligently endeavored to return the "absent" or "unavailable" defendant to court, is precluded by reason of the People's concession in the motion court that if there was a due diligence requirement "from August up until he [the defendant] was returned on January 9th, then we're over 180 days and this indictment has to be dismissed."

As it is clear that the People are accountable for the subject period and are, therefore, well in excess of the six months of chargeable time within which they must ready themselves for trial pursuant to CPL 30.30, the conviction must indeed be reversed and the indictment dismissed. Concur—Murphy, P. J., Kupferman, Asch and Nardelli, JJ.