■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES MOORE, Respondent. [651 NYS2d 590] —Appeal by the People from an order of the Supreme Court, Queens County (Roman, J.), dated February 27, 1996, which, upon reargument, granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, without costs or disbursements, the indictment is reinstated, and the defendant's motion to dismiss the indictment is denied.

The defendant was indicted for a felony, and the People were therefore required to be ready for trial within six months (*see,* CPL 30.30 [1] [a]). Upon reargument of the defendant's motion to dismiss the indictment pursuant to CPL 30.30, the Supreme Court charged the People with a total of 191 days of delay, which exceeds the permissible period. Included in the 191 days charged to the People was a 26-day period from June 7, 1995, to July 3, 1995. The record indicates, however, that from June 11, 1995, to June 14, 1995, and from June 20, 1995, to July 3, 1995, a necessary witness was on medical leave and was unavailable to testify. The People were therefore unable to proceed for 16 of the 26 days charged to them, and those 16 days should have been excluded (*see,* CPL 30.30 [4] [g]; *People v Goodman,* 41 NY2d 888; *People v Pressley,* 115 AD2d 228; *People v Marshall,* 91 AD2d 900). The remaining delay charged to the People totaled 175 days, which is within the six-month limit afforded by CPL 30.30 (1) (a). The defendant's motion to dismiss therefore should have been denied. In light of our determination, we need not consider the People's remaining contentions. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.