■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. DEGNAN, Appellant. [697 NYS2d 769] —Crew III, J. Appeals from two judgments of the County Court of Broome County (Smith, J.), rendered September 10, 1998, convicting defendant upon his pleas of guilty of the crimes of robbery in the first degree (two counts), attempted murder in the second degree, unauthorized use of a motor vehicle in the first degree, grand larceny in the fourth degree and assault in the second degree (two counts).

In April 1997, defendant was indicted and charged with attempted murder in the second degree and robbery in the first degree. County Court thereafter dismissed the indictment on the ground that defendant was not afforded an opportunity to testify before the Grand Jury and, *sua sponte*, granted the People leave to re-present the matter to another Grand Jury within 40 days. The People appealed County Court's decision and, on January 22, 1998, we affirmed (246 AD2d 819).

On February 5, 1998, the People applied for leave to resubmit the charges contained in the dismissed indictment to another Grand Jury, which motion was granted by County Court. As a consequence, defendant was indicted and charged in indictment No. 98-223 with attempted murder in the second degree, two counts of robbery in the first degree, unauthorized use of a motor vehicle in the first degree and grand larceny in the fourth degree. Defendant also was charged in indictment No. 98-363 with two counts of assault in the second degree stemming from

his assault upon a correction officer. Defendant thereafter pleaded guilty to both indictments and was sentenced under indictment No. 98-223, as a second violent felony offender, to determinate terms of imprisonment of 12 years each on the attempted murder and robbery counts, indeterminate terms of imprisonment of 3 to 6 years and 1½ to 3 years, respectively, for the convictions of unauthorized use of a motor vehicle and grand larceny, with such sentences running concurrently with each other. Under indictment No. 98-363, defendant was sentenced to concurrent five-year terms on each count, with said terms to run consecutively to the sentences imposed under indictment No. 98-223. Defendant now appeals.

Defendant contends that because the People delayed seven months in applying for leave to resubmit the charges to another Grand Jury, County Court erred in granting such application. We disagree. CPL 210.20 (4) provides, *inter alia*, that upon dismissing an indictment the court may, upon application of the People, authorize submission of the charges to the same or another Grand Jury. It is to be noted that such section contains no time limitation. Assuming, without deciding, that defendant is correct in asserting that such language requires a timely application to resubmit and that any substantial delay would foreclose the opportunity to resubmit (*see, People v Moore*, 142 AD2d 895, 898-899 [dissenting mem], *lv denied* 73 NY2d 788), there has been no such delay here. The People exercised their statutory right to appeal County Court's dismissal of the indictment (*see,* CPL 450.20 [1]) and applied for leave to resubmit the charges 14 days following our order affirming County Court, which clearly constituted a timely application. To adopt defendant's contention that the delay of seven months from the time of County Court's dismissal to the time of the People's application for resubmission was untimely would require us to hold that the Criminal Procedure Law requires the People to forego their right of appeal or abandon their right to apply for resubmission in the event they exercise their right to appeal. We decline to construe the statute in such a manner. In view of our determination, it is unnecessary to reach defendant's remaining contention.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgments are affirmed.