*942 OPINION OF THE COURT
Ralph Fabrizio, J.
In this omnibus motion, defendant moves, inter alia, to dismiss the first three counts of the superceding indictment. The gravamen of his claim is that the People’s delay in presenting the superceding charges to the grand jury within the 45 days specified in the court’s resubmission order requires that those charges be dismissed. For the reasons set forth below, the court denies this motion.
On November 10, 2009, a judge presiding in this Part dismissed several charges of the original indictment “pertaining to the alleged sale and possession with intent to sell.” The court did not dismiss the indictment in its entirety or reduce any of the charges to a lesser included offense. The same order granted leave for the People to resubmit the dismissed charges, and provided that such “presentation shall take place within 45 days of the issuance of this Decision and Order.” The People acknowledge that they did not present the charges subject to said order to the grand jury until 66 days later, on January 15, 2010. At about the same time, the People notified defense counsel of the resubmission and served upon counsel CPL 190.50 notice. On January 22, 2010, the grand jury voted the charges contained in the superceding indictment. At the following calendar appearance three days later, the People stated on the record that they had secured a new indictment. On February 2, 2010, defendant was arraigned in Part 35 on that instrument. Defendant subsequently moved to dismiss the newly indicted charges on the ground that they had been voted more than 45 days after the charges in the first indictment were dismissed.
Under CPL 210.20, a court is authorized to dismiss an indictment based upon several enumerated bases, including insufficient evidence presented to the grand jury, defective grand jury proceedings, denial of the defendant’s CPL 190.50 rights, and a violation of CPL 30.30. Upon dismissal of an indictment for any such reasons, the court may “authorize the [Pjeople to submit the charge or charges to the same or another grand jury” (CPL 210.20 [4]). The intent of the Legislature in enacting section 210.20 (4) is clear: “a resubmission of the charges under court order upon dismissal in those cases where the defect should not result in foreclosure of further prosecution, but prohibits resubmission where the impediment is of an inherently fatal nature” (Richard G. Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.20, at 340 *943 [1971 ed]). Indeed, the Legislature did not deem a defective grand jury proceeding to be an impediment of an “inherently fatal nature” (see id.).
Significantly, absent in the statute authorizing the dismissal of an indictment, much less mandating such result, is any provision regarding the People’s compliance with a time frame for resubmission of charges enunciated by the court. The court, in its discretion and upon ample findings, may dismiss an indictment only upon clear statutory authority. Upon doing so, the court may grant the People leave for resubmission of dismissed charges; however, the statute clearly does not afford a court the mandate to predicate such grant of leave upon any artificially fixed temporal pronouncement to the extent that a failure to comply with such decree would automatically result in nullification of any subsequent grand jury action. In this regard, the court is mindful of the maxim: “courts should be wary of imposing the harsh remedy of dismissal in the absence of explicit statutory direction” (People v Jackson, 87 NY2d 782, 788 [1996]). Accordingly, the directive that resubmission “shall” occur within the 45-day period does not equate to a fatal defect mandating dismissal of the charges secured thereafter.
In People v Merhige (40 AD2d 223 [3d Dept 1972]), under facts almost identical to those in this case, the Court held that the People’s failure to comply with the trial court’s resubmission order premised upon a 10-day period could not result in dismissal of the superceding indictment because a court does not have discretion to grant the People leave upon any such constriction. The Court stated (at 224-225):
“It is manifest that the court has the discretion either to allow or deny resubmission. If resubmission is permitted, however, it may be accomplished only as expressly provided in the statute, i.e., to the same or another grand jury. (Emphasis added.) Consequently, it is our opinion that the court did not have the power to deviate from this explicit statutory provision and direct resubmission with a time limitation. Such a practice could unduly hamper and interfere with the operations of the office of the District Attorney. In some instances it could conceivably enable the defendant to go free without resubmission of the charge, when such was not the court’s intention.”
The court notes that CPL 210.45 (9) sets forth a specific 45-day period for resubmission of charges to a grand jury, but only *944 where there is a securing order in effect for an incarcerated defendant. The provision reads:
“When the court dismisses the entire indictment but authorizes resubmission of the charge or charges to a grand jury, such authorization is, for purposes of this subdivision, deemed to constitute an order holding the defendant for the action of a grand jury with respect to such charge or charges. Such order must be accompanied by a securing order either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the sheriff.” (CPL 210.45 [9].)
This procedure is inapplicable to the instant case for several reasons. First, the court did not dismiss the entire indictment. Second, defendant was not incarcerated when the counts were dismissed and he remains released on his own recognizance. Lastly, the statute specifically states that if the People resubmit the charges to the same or another grand jury beyond the 45-day period, such delay is not fatal to the ensuing grand jury action. In this vein, the statute plainly provides, “[although expiration of the period of time specified in paragraph (d) without resubmission or grand jury disposition of the case terminates the effectiveness of the securing order, it does not terminate the effectiveness of the order authorizing resubmission” (CPL 210.45 [9] [emphasis added]).
In other circumstances akin to the one at bar courts have declined to read into the Criminal Procedure Law any specific time restrictions beyond those of CPL 30.30 (see People v Degnan, 266 AD2d 583, 584 [3d Dept 1999] [the Court refused to adopt defendant’s contention that the delay of seven months from the time of dismissal to the time of the application for resubmission was untimely because such procedure of charges to the same or another grand jury is not governed by a time limitation]; People v Richardson, 146 Misc 2d 179, 181-182 [Sup Ct, Bronx County 1989] [“The statutory fife of the securing order and the date set to fulfill the requirements of CPL § 210.45 (9) have no effect on the time within which the People may re-present the case to the Grand Jury”]; cf. People v Jackson, 87 NY2d 782, 784 [1996] [The People do not have the authority to unilaterally resubmit charges that are the subject of a reduction order to a grand jury more than 30 days after the entry of the reduction order without obtaining the permission of the court upon a showing of good cause]).
*945 In assessing the nature of this delay, the court finds that the People did not engage in any tactics that unduly belated the resubmission of the charges. The People presented the charges to the grand jury just over two months after the dismissal order, which granted them leave to re-present the case. Such delay was not an inordinate amount of time. During the interim period, defense counsel was informed that the charges were being revived and CPL 190.50 notice was served. That is not to say that the People may engage in dilatory practices without compunction, or purposely delay resubmission for tactical gains. To be sure, the People are strictly bound to adhere to the provisions of CPL 30.30, requiring them to be ready for trial within six months. The Criminal Procedure Law contains this specific mandate to prevent the People from engaging in lengthy delay tactics, and in such cases they face the harsh remedy of dismissal of the indictment.
Defendant further moves to dismiss the indictment for other defects in the grand jury proceeding. After review of the motion papers, the minutes of the proceedings before the grand jury, the indictment and other documents in the court file, the decision and order of the court is as follows: The court denies defendant’s motions to dismiss or reduce the charges in the indictment. The minutes of the grand jury reveal that a quorum of grand jurors was present at all times during the presentation of this case. The court further finds that the evidence before the grand jury was sufficient to support the charges in the indictment, and the grand jury was provided with proper direction on the relevant law. Defendant’s request to have the grand jury minutes released is also denied. Release of grand jury minutes is authorized only where “necessary to assist the court in making its determination on the motion” (see CPL 210.30 [3]). Here, no such need is apparent.
Further, a Mapp hearing is granted to determine the legality of the search leading to the alleged seizure of contraband
Pursuant to Criminal Procedure Law § 240.43, immediately prior to the commencement of jury selection, the People are directed to notify defendant of all specific instances of prior uncharged criminal, vicious or immoral conduct of which the People have knowledge and which the People intend to use at trial for purpose of impeaching defendant’s credibility.
*946 A Sandoval hearing is granted and referred to the trial court (People v Sandoval, 34 NY2d 371 [1974]).