■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD GIOR-DANO, Appellant. — Judgment unanimously affirmed. Memorandum: This matter, previously before the court, was remitted for further proceedings to determine whether the People were ready for trial within the statutory period (CPL 30.30, subd 1, par [a]; *People v Giordano,* 73 AD2d 824). We conclude the People were ready for trial within the six-month period. This criminal action was commenced September 6, 1977 when defendant was first arraigned. The accusatory instrument filed against him was dismissed on September 14, 1977 after failure of the complaining witness to appear. The People then submitted the matter to the Grand Jury, which indicted defendant on January 20, 1978. At the arraignment on March 17, 1978 the People announced the case ready for trial, and defendant was granted a 45-day adjournment for motions. On April 9, 1979 defendant's motion to dismiss the indictment for lack of a speedy trial was denied, and the case proceeded to trial. Defendant was convicted of criminal possession of a controlled substance in the sixth degree (Penal Law, former § 220.06) and criminal sale of a controlled substance in the sixth degree (Penal Law, former § 220.31), both class D felonies. The 4 months and 14 days from defendant's arraignment on the initial accusatory instrument, September 6, 1977, to the return of the indictment on the same charges, January 20, 1978, is time chargeable to the People. A criminal action initiated by the filing of a felony complaint is not terminated by the complaint's dismissal, so long as the District Attorney is free to continue the prosecution by obtaining an indictment. Should an indictment be returned after dismissal of a complaint for delay in prosecution, the two are considered part of the same criminal action, the commencement of which is the filing of the complaint *(People v Osgood,* 52 NY2d 37). Defendant concedes to being unavailable from January 20, 1978 to his arraignment on March 17, 1978, as he was out of the court's jurisdiction, and this time is not chargeable to the People. Concededly, defendant was not brought to trial within six months after the People announced their readiness for trial; however, the People established on the record their continued readiness for trial during the period, and further established that the delay was attributable to court congestion. The speedy trial statute demands that the prosecutor be ready for trial, not that court facilities also be available *(People ex rel. Franklin v Warden, Brooklyn House of Detention for Men,* 31 NY2d 498). The District Attorney having effectively announced his readiness for trial, the operational effect of CPL 30.30 was exhausted; if defendant's trial was thereafter delayed on account of court congestion, he is not entitled to dismissal under CPL 30.30 *(People v Brothers,* 50 NY2d 413; *People v Williams,* 72 AD2d 950). In further examining the record on defendant's sentence, we find that it was a definite term of one year on each count with the terms to run concurrently. This is an acceptable alternative definite sentence which may be granted in the court's discretion (Penal Law, § 70.00, subd 4). (Resubmission of appeal from judgment of Erie County Court — criminal sale controlled substance, sixth degree.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.

■ EDWARD TAYLOR, Appellant, v GENERAL MOTORS CORPORATION, INC., et al., Respondents. — Judgment unanimously affirmed, without costs, for the reasons stated at Special Term, Sedita, J. (Appeal from judgment of Erie Supreme Court — dismiss complaint.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.