THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD CAUSSADE and LUIS ORENGO, Respondents.

Second Department, September 17, 1990

---

APPEARANCES OF COUNSEL

*Charles J. Hynes, District Attorney (Barbara D. Underwood,*

*Leonard Joblove, Kimberly S. Penner* and *Peter A. Weinstein* of counsel), for appellant.

*Ronald Rubinstein* for Edward Caussade, respondent, and *Irwin G. Klein* for Luis Orengo, respondent. (One brief filed.)

### OPINION OF THE COURT

SULLIVAN, J. P.

In this case, we are called upon to determine what is meant by the phrase "ready for trial" as used in CPL 30.30, and more specifically, whether a delay by the prosecution in complying with discovery demands will serve to vitiate an otherwise valid statement of readiness.

In an order dated April 7, 1988, the Supreme Court, Kings County, determined that the People had announced their readiness for trial in this case on October 1, 1986, and that the defendants were not denied a speedy trial pursuant to CPL 30.30. However, upon reargument, the Supreme Court determined that the prosecution had not in fact been ready for trial on October 1, 1986, despite the People's statement on the record to the contrary, and that readiness was not effectively announced until March 11, 1987. Since this period exceeded the statutory time limit, the Supreme Court dismissed the indictment in an order dated June 20, 1988. For the reasons stated hereafter, we find that the Supreme Court erred in its determination upon reargument and that reversal of the order of June 20, 1988, and reinstatement of the indictment are warranted.

I

For some period of time prior to March 5, 1986, police officers of the Brooklyn North Narcotics Area had conducted an investigation into the commission of certain illegal activities at a store located at 388 Ridgewood Avenue. As part of this investigation, an undercover police officer obtained employment in the store. Based in part on the observations of the undercover officer, a search warrant for the store was obtained and executed on March 6, 1986. The police officers who conducted the search discovered more than one pound of cocaine, three pounds of marihuana, a triple-beam scale, over $10,000 in cash, a .38 caliber revolver, and a .380 automatic pistol. The defendants, who had been behind the counter in the store during the search, were arrested. Thereafter, the Grand Jury returned indictment No. 1688/86 charging both

defendants with the crimes of criminal possession of marihuana in the second degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the fourth degree (two counts), and criminal possession of a weapon in the third degree (two counts). The defendants were arraigned on this indictment in the Supreme Court, Kings County, on April 17, 1986.

Thereafter, various court appearances were scheduled on consent in order to permit the District Attorney to comply with certain demands made on April 23, 1986, for a bill of particulars, discovery, and *Rosario* material. The prosecution was given until June 13, 1986, to comply with all outstanding discovery demands, and the defense was given until June 27, 1986, to submit motions. The motions were set down for decision on July 11, 1986. The stenographic minutes for that date reflect that the parties agreed to hearings dealing with *Mapp, Dunaway, Franks, Huntley,* and *Sandoval* issues, and with the question of whether any evidence was tainted. There is no indication of any decision by the court as to the defendants' motions. The minutes of October 1, 1986 indicate that following an off-the-record discussion at the Bench, the court set the matter down for hearings on November 17. At that point, the Assistant District Attorney unequivocally announced: "People are ready". The defense counsel then sought discovery, prior to the hearings, of all narcotics investigation reports involving the defendants and the subject premises.

On October 31, 1986, the Assistant District Attorney who was handling the case informed the defense counsel by letter that the undercover police officer who was working in the store on March 1, 1986, had been equipped with an electronic device which had recorded conversations made on that date. This letter was apparently written in response to the defendants' earlier demand for discovery (see, CPL 240.20 [1] [g]; see also, CPL 240.60, which imposes upon the People a continuing duty to disclose). Copies of the transcripts made from these tapes and of all police reports were turned over to the defense counsel by December 17, 1986. Recorded copies of the tapes were provided to the defense counsel on December 24, 1986. Numerous subsequent appearances were adjourned due to the unavailability of the defendants' attorneys, who were engaged in other trials, the unavailability of one of the defendants as the result of a parole violation, and other reasons. The defendants made a motion, returnable September 21, 1987, to

dismiss this indictment on speedy trial grounds pursuant to CPL 30.20 and 30.30. As indicated above, the Supreme Court initially denied this motion, but upon reargument found a violation of CPL 30.30 and dismissed the indictment.

The basic reason advanced by the Supreme Court for altering its decision upon reargument was its determination that the prosecution was not in fact ready for trial on October 1, 1986, despite the Assistant District Attorney's statement that it was. The court buttressed this determination by pointing to the letter of October 31, 1986, regarding the recently discovered tape recordings made by the undercover officer as indicative of the People's lack of readiness for trial, inasmuch as these tapes were required to be turned over to the defense counsel under CPL 240.20 (1) (g). Furthermore, the Supreme Court found that the Assistant District Attorney had not even begun his preparation for the trial prior to October 1, 1986. We now reverse, as the foregoing considerations do not constitute prerequisites for a valid statement of readiness by the People.

## II

It must be kept in mind that CPL 30.30 is not a true speedy trial statute which requires the trial of a felony within six months. Rather, it requires only that the People announce their readiness for the trial of a felony within that time period (see, People v Anderson, 66 NY2d 529, 535; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, at 148-150). In People v Kendzia (64 NY2d 331), the Court of Appeals reviewed its prior decisions and explained that a statement of readiness consists of two elements: (1) a communication of readiness by the People which appears on the record, and (2) an indication of present readiness as opposed to a prediction or expectation of future readiness. The court further explained that "communication" requires either: (a) a statement of readiness in open court transcribed by a stenographer or recorded by the clerk, or (b) written notice of readiness sent by the prosecutor to both the defense counsel and the appropriate clerk to be placed in the original record (Prieser, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, 1990 Supp Pamph, CPL 30.30, at 57). In the present case, it is obvious that on October 1, 1986, there was a communication of readiness made on the record. Hence, the relevant avenue of inquiry concerns whether that

communication referred to *present* readiness for trial. We conclude that it did.

While no judicial decision sets forth the specific requirements for a valid statement of readiness, review of the relevant case law in this area reveals that present readiness for trial is established when the People have a valid accusatory instrument upon which the defendant may be brought to trial *(cf., People v Colon,* 59 NY2d 921; *People v Sturgis,* 38 NY2d 625),* where the People have complied with their obligation to produce for trial a defendant in their custody *(cf., People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529, 539-540) and where the People have complied with all pending proceedings required to be decided before trial can commence *(cf., People v McKenna,* 76 NY2d 59).*

In the present case, the statement of readiness made by the Assistant District Attorney in open court, and which appears on the record of October 1, 1986, clearly satisfies all of the criteria established in *People v Kendzia* (64 NY2d 331, *supra).* The hearing court, in its decision made upon reargument, and the defendants on this appeal, take the position that the People could not in fact have been ready on October 1, 1986, because the Assistant District Attorney had not, at that time, complied with the discovery demands of the defendants. Relevant case law demonstrates that this position is in error. It is firmly established that the failure of a District Attorney to comply with the mandates of CPL article 240 relative to discovery is in no way inconsistent with the prosecution's continued readiness *(see, People v Jones, supra* [failure to supply supplemental bill of particulars and laboratory reports]; *People v Alicea,* 109 AD2d 1083, *affd* 66 NY2d 529, 542-543 [failure to transfer drugs to testing laboratory designated by defendant]). The opinion of Justice Levine in *People v Cole* (90 AD2d 27) is particularly informative in this regard. In that case, the defendant made a discovery demand on February 4, 1981. By letter dated March 19, 1981, the People consented to provide some of the requested information. On March 20, 1981, the People placed a statement of readiness on the stenographic record of the court and three days later sent a written statement of readiness to the defendant. The People did not furnish the defendant with the requested discovery material until September 21, 1981, more than seven months after it was requested. In reversing the dismissal of the indictment for a violation of CPL 30.30, the Appellate Division, Third Department, rejected the defendant's argument

that the People's delay in complying with his discovery demands in some way vitiated the statement of readiness made on March 20, 1981. The court pointed out that the defendant could have sought a sanction under CPL 240.70 (1), such as a continuance, protective order, preclusion order, or any other appropriate measure *(see, People v Kelly,* 62 NY2d 516). Justice Levine then reiterated the oft-cited principle that: "The prosecution's communication of readiness on the record establishes its commitment to proceed when the case is reached for trial. *Failing to serve a bill of particulars is in no way inconsistent with the prosecution's continued readiness" (People v Cole, supra,* at 29 [emphasis added]).

*People v Giordano* (81 AD2d 1003, *affd* 56 NY2d 524) further illustrates the principle that not all delay will require dismissal of an indictment. In that case, the defendant was arrested on September 6, 1977, and the indictment was returned on January 20, 1978. The defendant was arraigned on March 17, 1978, at which time the People announced their readiness for trial prior to any motions being made by the defendant. On April 9, 1979, the defendant's motion to dismiss under CPL 30.30 was denied, since the People had announced their readiness for trial within the requisite six-month period and a subsequent delay of almost two months had resulted from the fact that the defendant had been out of the jurisdiction of the court. Additional subsequent delays in bringing the case to trial were found to be attributable to court congestion, which was found to be not chargeable to the People. The Court of Appeals affirmed the order of the Appellate Division in *People v Giordano* (56 NY2d 524, 525, *supra),* stating: "when the District Attorney had announced his readiness on the record he had satisfied his obligation under CPL 30.30". This statement was later clarified in a group of five cases decided *sub nom. People v Anderson* (66 NY2d 529, *supra)* to the extent that while certain "postreadiness" delay might be chargeable to the People and trigger a dismissal under CPL 30.30, court congestion and delay in complying with demands for discovery generally would not support such a harsh sanction. Indeed, *People v Anderson (supra)* clearly demonstrates that the delay in the present case does not warrant dismissal, inasmuch as the sanction of dismissing the indictment is inappropriate: "if the failure, although it affected defendant's ability to proceed with trial, had no bearing on the People's readiness, or if a lesser corrective action, such as preclusion or continuance, would have been available had the People's

postreadiness default occurred during trial" *(People v Anderson, supra, at 534).*

The recent decision in *People v McKenna* (76 NY2d 59, *supra),* further refined the principles applicable to discovery delays. In that case, the People announced their readiness for trial three weeks after arraignment. Five weeks later, the defendant made an omnibus motion including a request for the inspection of the Grand Jury minutes and dismissal of the indictment for lack of legally sufficient evidence before the Grand Jury. Although the Grand Jury minutes had been transcribed as of June 25, 1985, they were not delivered to the court for its inspection until January 3, 1986. Thereafter, the court denied the defendant's CPL 210.30 motion. The defendant then moved pursuant to CPL 30.30 to dismiss the indictment, and this, too, was denied. In reversing the denial of the defendant's CPL 30.30 motion, the Court of Appeals, in an opinion by Judge Titone, drew a clear distinction between the delay of the prosecution in providing the materials necessary for the decision of the CPL 210.30 motion, *which had to be decided before the trial could go forward,* and a delay by the prosecution in complying with general discovery demands as is involved in the present case. Judge Titone went on to state the established principle that, in cases of delay in complying with discovery, the ability of the People to maintain their status of readiness is not implicated, despite the fact that the defendant's ability to proceed to trial may be impaired by the delay. Under the facts of *People v McKenna (supra),* however, the People could not proceed to trial (indeed, the trial itself could not be commenced) until the Grand Jury minutes were supplied so that the dismissal motion could be decided.

The decision in *People v McKenna (supra),* upon which the dissent relies, does not constitute a departure from previous decisions by the Court of Appeals involving postreadiness delay issues. It merely stands for the proposition that excessive prosecutorial delay in turning over material *without which trial cannot commence as a matter of law* will be chargeable to the People regardless of any prior statement of readiness. This important distinction is set forth by Judge Titone as follows: "In contrast to the discovery delays considered in *[People v] Anderson* [66 NY2d 529], the People's omission did not merely impair defendant's ability to proceed to trial. Rather, because the trial could simply not go forward until the CPL 210.30 motion was decided, the People's dilatory conduct in failing to provide the minutes necessary to that

decision was a direct, and virtually insurmountable, impediment to the trial's very commencement * * *. Indeed, the failure at issue in this case is directly analogous to the People's unexcused failure to produce a defendant in their custody for trial, since in both situations it is the People's dereliction that is preventing the defendant's trial from going forward. Just as the latter failure was deemed to be a suitable ground for CPL 30.30 dismissal in *Jones* (66 NY2d, at 538), so too is the negligent failure to produce Grand Jury minutes needed for the disposition of a defendant's CPL 210.30 motion a ground for dismissal here" *(People v McKenna, supra,* at 64-65). Inasmuch as the delay involved in this case resulted from an alleged failure to comply with the defendant's discovery demands and did not pose an impediment to commencement of the trial itself, the Supreme Court erred in dismissing the indictment rather than imposing a less severe sanction.

Furthermore, it appears that the hearing court misperceived the People's obligation under CPL 240.20. That statute states, in relevant part:

"1. * * * upon a demand to produce by a defendant against whom an indictment * * * is pending, the prosecutor shall *disclose* to the defendant, and *make available for inspection* * * * [or] *copying* * * * the following property * * *

"(g) Any tapes or other electronic recordings which the prosecutor *intends to introduce at trial,* irrespective of whether such recording was made during the course of the criminal transaction" (CPL 240.20 [1] [g] [emphasis added]).

To the extent that the letter of Assistant District Attorney French, dated October 31, 1986, disclosed the existence of this tape and indicated a willingness to make it available for inspection and/or copying, the requirements of the statute appear to have been complied with *(see, People v Cole,* 90 AD2d 27, *supra,* at 29). There is a distinct difference in the legal obligations of the prosecutor in connection with this type of material as opposed to statements of witnesses commonly referred to as *"Rosario"* material *(see,* CPL 240.20 [1] [h]), which the prosecutor must make available (i.e., deliver a copy) to the defendant before the prosecutor's opening on trial *(see,* CPL 240.45) or after the witnesses' direct testimony at a pretrial hearing *(see,* CPL 240.44). It should also be borne in mind that the defendants did not move for an order pursuant to CPL 240.40 to compel discovery *(cf., People v McCaffery,* 78 AD2d 1003) or for sanctions pursuant to CPL 240.70. Since it

appears that the People intended to introduce this tape at trial, any prejudice to the defendants resulting from any delay in disclosing its existence to them could have been obviated, *inter alia,* by an order of preclusion. Quite clearly, the trial court would have erred in dismissing the indictment under CPL 240.70 for a failure to comply with discovery *(see, People v Kelly,* 62 NY2d 516, *supra).* It follows that the defense should not be permitted to obtain a dismissal under the guise of a motion pursuant to CPL 30.30 for failure to comply with a discovery demand when it could not achieve that result under the section of law specifically designed to impose sanctions for such failure *(see,* CPL 240.70). Where, as here, there is no evidence that the material withheld (i.e., the tape recording) was essential to the People's case, its absence could not affect their readiness for trial.

Similarly, the Supreme Court erred in concluding that the degree of preparation of the Assistant District Attorney assigned to this case adversely affected his readiness for trial. While total familiarity with the facts of the case and interviews with all of the witnesses are to be expected of any competent trial attorney, they are not essential predicates for expressing a genuine statement of present readiness under CPL 30.30 *(see, People v Jones,* 68 NY2d 717, 718 [postreadiness delay occasioned by prosecutor's vacation is not excludable "where the record suggests that another trial assistant could have been substituted"]).

The dissent, by relying on certain language from several cases without considering the facts giving rise to those decisions, would create a new rule compelling a prosecutor to affirmatively prove that he is in fact ready for trial when he makes that announcement. However, the court is entitled to rely on the representations of a prosecutor *(see, e.g., People v Poole,* 48 NY2d 144, 149 ["the representation of a prosecutor, as an officer of the court, ought generally to suffice to determine the threshold issue of whether or not any prior statements of a witness exist"]). Furthermore, the dissent fails to propose any standards by which the trial court is to determine if in fact the People are ready when they represent that they are. Clearly, such an inquiry cannot be left to the discretion of the trial court, since this would seriously compromise the statutory duty of District Attorneys to determine when and in what manner to prosecute offenders in their counties and also would implicate the doctrine of separation of powers *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 573-574). A

careful reading of the full text of the decisions cited by the dissent reveals that they do not sustain this position.

### III

In its original decision and order dated April 7, 1988, the Supreme Court determined that the People were chargeable with 95 days of prereadiness delay and 47 days of postreadiness delay, for a total delay of 142 days. Inasmuch as this period was well within the 184-day limitation applicable to this case, that branch of the defendants' motion which was to dismiss pursuant to CPL 30.30 was denied. Moreover, upon a balancing of all relevant factors, the Supreme Court also denied that branch of the defendants' motion which was to dismiss pursuant to CPL 30.20 for a violation of their constitutional right to a speedy trial. Since the Supreme Court's initial analysis and order dated April 7, 1988, was correct, and the order of June 20, 1988 is erroneous, we reverse the latter order insofar as appealed from, adhere to the original determination denying the defendants' motion in its entirety, and reinstate the indictment.

HARWOOD, J. (dissenting). This felony prosecution was commenced on March 6, 1986, with the filing of a felony complaint *(see,* CPL 1.20 [17]; *People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529). The People were therefore obligated to be ready for trial and to effectively communicate that readiness *(see, People v Brothers,* 50 NY2d 413, 417; *see also, People v Kendzia,* 64 NY2d 331) on or before September 6, 1986 *(see,* CPL 30.30 [1] [a]) unless they could demonstrate the existence of excusable delay so as to bring a subsequent valid announcement of readiness within the statutorily mandated six-month period. Apparently because of language in some cases where what was at issue was the manner of making a statement of readiness rather than whether there was substance to it *(see, e.g., People v Cole,* 90 AD2d 27; *cf., People v Kendzia, supra),* the majority accepts at face value the People's assertion of readiness on October 1, 1986, and proceeds to analyze this case pursuant to postreadiness principles *(see, e.g., People v Anderson,* 66 NY2d 529). I cannot accept that assertion and I regard postreadiness analysis as unnecessary. Since it is otherwise clear to me that the People have failed to discharge their burden *(see, People v Kendzia, supra; People v Berkowitz,* 50 NY2d 333, 349) of demonstrating that the earliest date on which a statement of readiness could validly be interposed—

March 11, 1987—was preceded by less than six months of unexcused delay, I dissent and vote to affirm the order of June 20, 1988, dismissing the indictment pursuant to CPL 30.30 (1) (a) and 210.20 (1) (g).

The minutes of the October 1, 1986 court proceeding, which were submitted at the CPL 30.30 hearing, reveal that after an off-the-record discussion, the court announced that the case would be adjourned to November 17, 1986, for pretrial hearings *(cf., People v McKenna,* 76 NY2d 59), following which a calendar assistant from the District Attorney's office who was assigned to that part announced that the People were "ready". However, and notwithstanding that the People had earlier represented that there was no electronic surveillance in this case and notwithstanding that at the CPL 30.30 hearing a police sergeant testified that participation of a wired undercover officer in the instant investigation was "apparent" to anyone reading the file, on October 31, 1986, following the assertion of readiness, Assistant District Attorney French, who was assigned to actually try the case, sent defense counsel a letter declaring that "[d]uring the past several days, it has come to my attention that there was an undercover officer working on the * * * case" and that this undercover officer was "equipped with a Kel device" on a particular date. French advised that he was also "in the process of collecting all the additional police reports in this case", which reports together with search warrant affidavits the court had ordered disclosed at the outset of the prosecution. He advised that he would "begin the transcribing process" with regard to tapes made during the investigation as soon as he received all of them. The People did not produce at the CPL 30.30 hearing either Assistant District Attorney French or the calendar assistant who actually announced the People's readiness so as to set forth on what the announcement was then based and how the case would have been tried without, *inter alia,* the undercover officer's testimony which the People conceded was "relevant" and "important". Moreover, the arresting officer, arguably the only necessary trial witness, did not testify at the CPL 30.30 hearing and thus shed no light on whether he was available on October 1, 1986. Although a supervising officer testified that the arresting officer was then available, it emerged on cross-examination that the arresting officer had gone off duty at 8:00 A.M. and there was no record that he had been subpoenaed to appear on October 1, 1986, or even had been contacted by the District Attorney's office. It is therefore, at

best, unclear as to what the People could have been ready for on October 1, 1986. Indeed, apart from the fact that there were persistent and unexplained delays in providing the defendants with court-ordered disclosure, readiness was not again announced by the People until over a year after commencement of the action, on March 11, 1987, when some of their disclosure obligations were still outstanding. Even then, the announcement of readiness, which followed a bench conference, was qualified by the statement that the People's witnesses were ready "with the notable exception we discussed at the bench".

Although, as the majority notes, CPL 30.30 is not a "speedy trial statute in the constitutional sense" *(People v Anderson, 66 NY2d 529, supra, at 535; see also, People v Brothers, 50 NY2d 413, supra, at 416)*, it is nonetheless a significant piece of legislation *(see, People v Dean, 45 NY2d 651, 656)* which would "become a mockery if an assertion of readiness, without any substantiation, excuses needless delay" *(People v Dean, supra, at 656)*. I therefore cannot agree with the majority's apparent conclusion that the mere mouthing for the record of the words "People are ready" by a representative of the District Attorney's office within six months of the commencement of a felony prosecution operates to preclude further inquiry by the judicial branch of government into the question of whether the requirement of prosecutorial readiness imposed by the statute *(cf., People v Anderson, supra; People v Brothers, supra)* has in fact been satisfied. Rather, it is my view that, to be effective so as to trigger the postreadiness criteria for measuring delay on which the majority focuses its attention, including the availability of alternate remedies to dismissal *(see, People v McKenna, supra; see also, People v Anderson, supra, at 534)*, an announcement of readiness must be "bona fide" *(cf., People v Jones, 105 AD2d 179, 186, affd 66 NY2d 529, supra)*, i.e., it must be made "when the People are in fact ready to proceed" *(People v Kendzia, 64 NY2d 331, supra, at 337; see also, People v Brothers, supra, at 417)*. It is also my view that, when the issue is properly presented via motion papers or via facts as they develop at a previously ordered hearing, the judicial branch of government is obligated to inquire and determine *(see, People v Dean, supra, at 656; cf., People v Poole, 48 NY2d 144, 149; see also, People v Gruden, 42 NY2d 214; cf., People v Giordano, 73 AD2d 824, on*

*remand* 81 AD2d 1003, *affd* 56 NY2d 524) whether the prosecutor's office would have been capable of honoring its announced "commitment to proceed" *(People v Cole,* 90 AD2d 27, *supra,* at 29; *cf., People v Brothers, supra,* at 416) had it been called upon to do so when the announcement was made.

The hearing court here undertook the inquiry and analysis which the case required and ruled on reargument that the announcement of readiness of October 1, 1986, was ineffective because "the assistant district attorney had not even begun his preparation for the case to be ready for trial on or before October 1, 1986". The majority suggests that lack of preparation, and, indeed, that total lack of knowledge of a prime undercover witness who may or may not be the keeper of *Brady* and other material are no impediment to being "ready for trial" within the meaning of CPL 30.30. The concept of "readiness" on the part of the prosecution means more, it seems to me, than the ability to "wing it" if one's bluff is called *(cf., People v McKenna,* 76 NY2d 59, *supra).* Moreover, although a court may in some circumstances be entitled to rely on a prosecutor's statement of readiness, I know of no rule obligating a court to accept such a statement without question *(cf., People v Poole, supra,* at 149; *see also, People v Brothers,* 50 NY2d 413, *supra,* at 416), particularly where, as here, there are other indications that the statement is not a bona fide one.

Unlike the majority, I discern no basis for disturbing the hearing court's determination on reargument that the October 1, 1986 announcement of readiness, which was made only after the case had been adjourned for pretrial hearings *(cf., People v McKenna, supra),* was ineffective *(see, People v Berkowitz,* 50 NY2d 333, *supra; People v Brothers, supra; see also, People v Dean,* 45 NY2d 651, *supra).* Furthermore, assuming, as the hearing court found, that the People could have been ready on March 11, 1987, when their second—albeit qualified —announcement of readiness was made, the record does not support the People's various assertions that the defendants consented to adjournments so as to excuse certain periods of delay and bring this assertion of readiness within the statutorily mandated period *(see,* CPL 30.30). The indictment was, therefore, in my view, properly dismissed.

BALLETTA and MILLER, JJ., concur with SULLIVAN, J. P.; HARWOOD, J., dissents in a separate opinion.

Ordered that the order is reversed insofar as appealed from, on the law, the original determination denying the defendants' motion is adhered to, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.