OPINION OF THE COURT
Troy K. Webber, J.
Defendant Alayou Tebeje was arraigned on September 13, *441 1993 upon a felony complaint charging him with assault in the second degree (Penal Law § 120.05 [4]), a class D felony, criminal mischief in the third degree (Penal Law § 145.05), a class E felony, two counts of assault in the third degree (Penal Law § 120.00 [2]), class A misdemeanors, and operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [1]), an unclassified misdemeanor. On January 27, 1994, the charge of assault in the second degree (Penal Law § 120.05 [4]) was dismissed and the charge of criminal mischief in the third degree (Penal Law § 145.05) was reduced to criminal mischief in the fourth degree (Penal Law § 145.00).
The defendant now moves for an order: (1) dismissing the accusatory instrument on the ground that he has been denied his right to a speedy trial; (2) dismissing one count of assault in the third degree (Penal Law § 120.00 [2]) and the charge of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [1]) for facial insufficiency; (3) suppressing any statements allegedly made by him or, in the alternative, for a hearing thereon; (4) precluding the use of the defendant’s prior criminal history or prior uncharged criminal, vicious, or immoral conduct at trial; and (5) reserving his right to make additional motions.
SPEEDY TRIAL
After careful examination and consideration of the court papers, the affirmations submitted by counsel, and the criteria set forth in CPL 30.30 (4), defendant’s speedy trial motion is granted for the reasons that follow.
CPL 30.30 (5) (c) provides that if an action is commenced by the filing of a felony complaint and is thereafter replaced with or converted to a misdemeanor accusatory instrument charging a class A misdemeanor, the People must be ready to proceed to trial within 90 days from the filing of the new accusatory instrument or six months from the filing of the felony complaint, whichever period is less. (See, People v Ferrara, 102 Misc 2d 253 [Crim Ct, Queens County 1979].)
The defendant herein was arraigned upon a felony complaint on September 13, 1993. On January 27, 1994, the felony charges were dismissed and the felony complaint was converted to a misdemeanor instrument, the top count of which is a class A misdemeanor, punishable by a term of imprisonment exceeding three months. Therefore, the People had six months *442 from the filing of the felony complaint in which to answer ready for trial.
On January 27, 1994, the case was adjourned to March 13, 1994 for the People to file corroborating affidavits on the two counts of assault in the third degree.[1] The People were charged with all time from the commencement of the action on September 13, 1993 to January 27, 1994 and until filing and serving of the two corroborating affidavits. The case was adjourned to March 14, 1994.
On February 25, 1994, the People filed with the court and served upon the defendant a corroborating affidavit for the first count of assault in the third degree,[2] a statement of readiness in which they stated that they were dismissing the second count of assault in the third degree, and an affidavit of service for both documents.[3]
Defendant alleges that the statement of readiness is invalid because the accusatory instrument was not properly converted to an information. He argues that the People cannot dismiss a count of the accusatory instrument in a statement of readiness.
A valid statement of readiness consists of two elements: (1) a communication of readiness by the People which appears on the record, and (2) an indication of "present” readiness as opposed to a prediction or expectation of readiness. (People v Kendzia, 64 NY2d 331 [1985]; People v Caussade, 162 AD2d 4 [1990], lv denied 76 NY2d 984, and lv denied sub nom. People v Orengo, 76 NY2d 989 [1990].)
In the instant case, the People have met the first criteria for an effective statement of readiness by filing with the court the statement of readiness and an affidavit of service of such statement upon the defendant and by mailing a copy of the statement of readiness to the defendant. (People v Correa, 77 NY2d 930 [1991], affg 161 AD2d 391 [1990]; People v Kendzia, supra.)
However, the People have not met the second criteria for an *443 effective statement of readiness by indicating their present readiness to proceed to trial at the time the statement of readiness was filed.
"[PJresent readiness for trial is established when the People have a valid accusatory instrument upon which the defendant may be brought to trial[4] * * * where the People have complied with their obligation to produce for trial a defendant in their custody * * * and where the People have complied with all pending proceedings required to be decided before trial can commence.” (People v Caussade, supra, at 8.)
This court finds that as of February 25, 1994 the accusatory instrument had not been properly converted to a legally sufficient information within the time period specified in CPL 30.30.
CPL 100.40, by its terms, requires that to be legally sufficient,
"(b) [t]he allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense charged * * * and
"(c) [n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.”
The accusatory instrument under which defendant was charged was not sufficient with respect to the first count of assault in the third degree because such count was based on hearsay allegations.
The People attempted to circumvent the need for a corroborating affidavit by stating on the statement of readiness that the second count of assault in the third degree was dismissed. Such a statement, however, has no basis in law.
The People do not have the authority to merely state that a misdemeanor count is dismissed, just as they do not have the authority to initiate misdemeanor charges sua sponte. In order to dismiss a misdemeanor count, the People must make a formal motion in open court to dismiss a particular count. Upon such motion by the People, it is the court which dismisses that count.
In the instant case, the People did not move the court to *444 dismiss the second count of assault in the third degree until March 14, 1994. This court finds that it was not until that date that the accusatory instrument had been converted to a legally sufficient information.[5]
Based upon the People’s failure to be ready and to make a valid declaration of their readiness for trial until they did so in open court on March 14, 1994, defendant’s motion to dismiss pursuant to CPL 30.30 is granted.[6]

. A notation on the court record correctly indicates that March 13, 1994 would be the final day on which the People could answer ready for purposes of CPL 30.30.

. The complaint is poorly drafted and interchanges the names of the deponent and the informant. It appears that the first count of assault in the third degree refers to Mr. Pedro Agosto and the second count of assault in the third degree refers to Ms. Chaseom Chu.

. The date upon which the documents were filed with the court is indicated by the court date stamp which appears on each document.

. See, People v Colon, 59 NY2d 921 (1983); People v Harper, 37 NY2d 96 (1975).

. In their moving papers, the People state that I deemed the complaint an information on March 14, 1994 in open court, however, I did not preside over this matter on such date and have never previously deemed the complaint in this case an information, therefore, the People’s statement is incorrect.

. Since the case is dismissed on the ground that defendant was denied his right to a speedy trial, the court need not consider any additional relief requested by defendant.