■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER GOODE, Appellant. [628 NYS2d 727] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered December 21, 1992, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the second degree, and

unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of the defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial.

Ordered that the judgment is affirmed.

The defendant's sole argument on appeal is that, in deciding the defendant's motion to dismiss the indictment on statutory speedy trial grounds (see, CPL 30.30), the Supreme Court incorrectly excluded the 35-day period from February 27, 1992, to April 2, 1992, in calculating the length of the delay chargeable to the People. We disagree. During that period, the defendant was incarcerated in another jurisdiction and subject to a medical quarantine, rendering him unavailable (see, CPL 30.30 [4] [c]; see also, CPL 30.30 [4] [g]). Contrary to the defendant's contention, the defendant's medically necessary confinement in another jurisdiction prevented the People from properly declaring their readiness for trial (see, People v England, 84 NY2d 1, 4; People v Caussade, 162 AD2d 4, 8). Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.