OPINION OF THE COURT
John H. Wilson, J.
*215 Defendant is charged in one complaint with criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]), a class A misdemeanor, criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [2]), a class B misdemeanor, and unlawful possession of marihuana (Penal Law § 221.05), a violation. Defendant moves to dismiss the criminal court complaint pursuant to CPL 30.30, asserting that the People have failed to comply with the time limitations imposed upon the prosecution of class A misdemeanors.
A response from the People dated February 8, 2005 was received. The court gave defendant permission to file a surreply, and said surreply, dated March 4, 2005, was also received.
The court also received a further surreply from the People dated March 14, 2005; however, since the court did not give permission to the People to submit any additional arguments, the further surreply will not be considered at this time.[1]
For the reasons that follow, defendant’s motion to dismiss the criminal court complaint is denied. The court finds that the People are only charged with 29 days in this matter.
On May 11, 2003, at about 12:00 p.m., pursuant to a search warrant issued in New York County Criminal Court, premises in Kings County allegedly frequented by the defendant were entered and searched. Twenty-five grams of marihuana and drug paraphernalia were recovered in the search. While the search was taking place, the defendant arrived at the location, was observed preparing to enter the building, and was arrested. On his person were a key to the apartment and $971 in United States currency.
The defendant was arraigned on May 12, 2003. Bail was set in the amount of $500, and the case was adjourned to May 16, 2003 for conversion. Excluding the day of arraignment from our calculations, this entire adjournment of three days is chargeable to the People. (See, People v Stiles, 70 NY2d 765 [1987]; People v Eckert, 117 Misc 2d 504 [Syracuse City Ct 1983].)
On May 16, 2003 the People filed and served a lab report and supporting deposition, thus converting the complaint to an in *216 formation. On that same date, the People also announced their readiness for trial on the record. The matter was then adjourned to June 10, 2003, for the People to provide the defendant with discovery. There is no dispute that this time is excluded, as is the time from June 10, 2003 until June 16, 2003, when discovery was provided to the defendant.[2]
Thereafter, defendant began a process of discovery and motion practice that stretched over the next 15 adjourn dates. In particular, defendant seeks to have the People charged with the time from June 16, 2003, when the defendant first requested a copy of the search warrant, until June 23, 2004, when the court ordered a hearing to determine whether or not the defendant had standing to challenge the search of the subject premises.
This one-year time period is broken down into three identifiable phases: (a) June 16, 2003, when the defendant requested a copy of the search warrant, to October 15, 2003, when the People produced the search warrant, and moved for a protective order; (b) October 31, 2003, when the court approved certain redactions to the search warrant, to November 13, 2003, when the People objected to, and sought to reargue, certain further redactions made to the search warrant; and (c) November 24, 2003, the date on which the search warrant, with certain court-approved redactions was served on the defendant, and the defendant requested time to bring a motion to controvert the search warrant, and June 23, 2004, the date on which the court ordered the aforementioned hearing on the defendant’s standing.
Addressing time period (a), in view of the holdings in People v Caussade (162 AD2d 4 [2d Dept 1990], lv denied 76 NY2d 984 [1990]) and People v Cole (90 AD2d 27 [3d Dept 1982]), this court declines to charge the People with the time from June 16, 2003 to October 15, 2003.
In Caussade, the Second Department ruled that a seven-month delay by the prosecution in complying with a defendant’s discovery demands will not serve to vitiate an otherwise valid statement of readiness. (162 AD2d at 8.) Here, the delay in providing the search warrant was approximately four months, and the People state a valid reason for the nonproduction of the materials sought by the defense.
*217 It is important to note that the Caussade court specifically held that the failure of a district attorney to comply with the mandates of CPL article 240 relative to discovery is in no way inconsistent with the prosecution’s continued readiness for trial. (162 AD2d at 8.) The Court distinguished the failure to comply with discovery, which could be addressed by a motion to compel under CPL 240.40, and a failure to perform an act which results in a delay of the prosecution, such as the failure to produce the defendant for trial. (162 AD2d at 10.)
In his surreply, defendant cites two cases in support of his position that the “failure to provide the defendant with search warrant materials prevents a defendant from moving to controvert the warrant and thus prevents the trial from going forward.” (Emphasis added.) These cases are People v McKenna (76 NY2d 59 [1990]) and People v Daley (265 AD2d 566 [2d Dept 1999]).
The McKenna case concerned the People’s failure to provide the Court with grand jury minutes in response to the defendant’s motion to dismiss the indictment for a lack of legally sufficient evidence before the grand jury. In Daley, the Court found the People’s delay in providing a redacted copy of a search warrant to the defense to be unjustified and unexcused.
Both McKenna and Daley are distinguishable from the instant matter.
In Daley, the Court held that the failure of the People to prepare a protective order, or provide the defense with a redacted copy of a search warrant, mandated dismissal. The Daley court (at 567) specifically used the word “unexcused” to indicate that the People had no explanation for the delay in producing the documents at issue, thus prejudicing the defense. (See, also, People v Simpkins, 193 Misc 2d 447, 448 [App Term, 1st Dept 2002] [“People’s repeated and unexplained unreadiness to proceed . . . was a direct . . . impediment to the (commencement of trial)”] [internal quotation marks omitted].)
Here, the People have given a reasonable explanation for their delay in producing the search warrant materials — the warrant was ordered by the Criminal Court in Manhattan, not Brooklyn, and copies of the warrant and supporting materials had to be secured from the District Attorney of New York County. Thus, the delay here is not “unexcused” or “unexplained.”
Further, in the instant matter, the defendant has not expressed any prejudice suffered as a result of the delay.
*218 As to McKenna, which was discussed extensively in Caussade, the Court
“drew a clear distinction between the delay of the prosecution in providing the materials necessary for the decision of the CPL 210.30 motion, which had to be decided before the trial could go forward, and a delay by the prosecution in complying with general discovery demands as is involved in the present case.” (Caussade, 162 AD2d at 10.)
Viewed in this light, analysis of whether or not the People’s failure to produce certain materials requested by the defense is a violation of CPL 30.30 requires two distinct steps. First, are the missing materials necessary before the People can move forward to trial? In McKenna, until the Court had made a determination regarding the sufficiency of the grand jury presentation, the case could not proceed to trial. Therefore, the failure to provide those minutes stopped the trial from going forward, and invoked CPL 30.30.
In other words, where the missing materials do not affect the People’s ability to move forward to trial, then the People’s failure to provide the subject materials, much like a failure to provide a bill of particulars, is “in no way inconsistent with the prosecution’s continued readiness,” and the penalties of CPL 30.30 are not involved. (See, Caussade, 162 AD2d at 8, and cases cited therein; see Cole, 90 AD2d at 29; People v Lansdowne, 6 Misc 3d 1002[A], 2004 NY Slip Op 51703[U] [Just Ct 2004].)
The heart of the distinction lies in whether the failure to provide the subject materials affects the People’s readiness for trial, not whether the defendant’s ability to move forward to trial is affected.
It is clear that the failure to provide the minutes of a grand jury presentation directly affects the People’s readiness, since the indictment must be sufficient before the People can proceed to trial. The failure to produce search warrant materials may delay the defense, but ultimately, the People can proceed to trial without the search warrant. Not having the search warrant available at trial is a matter of proof, not an issue affecting the legal sufficiency of the accusatory instrument.
If it is determined that the missing materials need not be present for the People to state ready for trial, then the second step in this analysis is reached. The court must still determine whether or not there is a reasonable cause for the delay in *219 providing the necessary materials. If, as is present in the instant matter, there is a reasonable explanation for the delay in producing the requested materials, no sanction need be applied. If, however, there is no justifiable, rational basis for the delay, then the court may assess the appropriate penalty.
As in Daley, the Court can hold that the People have violated the time limitations of CPL 30.30, but this is only one possible penalty. The Court may also consider sanctions which include preclusion of the missing materials, and move the case forward to trial.
The assessment of the proper sanction is a matter directed to the sound discretion of the court, and must be based upon all the circumstances of the individual case, including whether or not the defendant has suffered any prejudice as a result of the delay in the production of the requested information.
The Caussade court makes it very clear that preclusion of the People’s evidence, or some similar sanction, is the preferred method of resolving the issue of missing discovery. That Court noted that dismissal of the People’s case on speedy trial grounds is a drastic remedy, especially when the defendant has the option of seeking to compel discovery under CPL 240.40, and for sanctions pursuant to CPL 240.70 (1). (162 AD2d at 11.)
In the instant matter, as noted earlier, defendant has never asserted that he was prejudiced in any way by the delay in the production of the search warrant, did not move to compel discovery, and did not seek the imposition of any sanctions.
Under this two-step analysis, in the instant matter, the failure to produce the search warrant materials did not affect the People’s statement of readiness, and the failure to produce said materials can be excused since the delay is reasonably explained.
Therefore, the time from June 16, 2003 to October 15, 2003 is excluded.
Regarding the time periods described above as (b) and (c), both of these adjournment periods were for the purposes of filing and arguing motions made by the People during (b), and then made by the defense during (c). Under CPL 30.30 (4) (a), motion time is excluded in its entirety, regardless of whether the motion is made by the defense or the People.[3] (See, People v Hodges, 12 AD3d 527 [2d Dept 2004]; People v Sivano, 174 Misc 2d 427, 429 [App Term, 1st Dept 1997].)
*220 Therefore, the time from October 15, 2003 to June 23, 2004 is excluded in its entirety.
When the court’s decision on defendant’s motion to controvert the search warrant dated June 23, 2004 was rendered, and a hearing on the issue of standing was ordered, the matter was adjourned three more times for possible disposition, and once more for the defendant to appear, until December 16, 2004, when the hearing was actually scheduled to go forward. Since the balance of this time was at the request of the defendant, and since the People are afforded a reasonable opportunity to be ready for hearings, this time is also excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004, and cases cited therein.)
On December 16, 2004, the People stated not ready for the hearing, and the matter was adjourned to January 11, 2005, without a request for a date certain from the People. The People concede that this period (26 days) is charged to their case. Ironically, on the next date, the defendant withdrew his request for the hearing, indicating that he could not meet his burden to establish standing. The matter was adjourned to January 25, 2005 for trial, on which date, the People stated ready, and the defendant filed the instant motion. Under CPL 30.30 (4) (a), no further time is chargeable in this matter.
Therefore, for the reasons stated above, this court finds that the People are only charged with 29 days of includable time in this matter.

. This court has also been advised that the defendant wishes to submit the minutes of an unspecified court date, in an effort to clarify certain unspecified points, and that the defendant wishes to make an additional motion on grounds which have not been relayed to this court. This court is prepared to rule in this matter with the information available to it at this time. Of course, if the defendant wishes to pursue reargument of any specific points addressed in this decision, this court would entertain any such specific motion.

. A warrant was issued for the defendant on June 10, 2003. Said warrant was vacated on June 13, 2003 when the defendant returned to the court’s jurisdiction.

. During time period (c), the defendant served his motion to controvert the search warrant on February 3, 2004. The People’s original response date was February 17, 2004; however, on March 9, 2004, the People requested *220 more time to respond. The markings on the court file appear to charge the People with the time from the original due date of February 17, 2004. This court has found no authority for such a “retroactive” charging of time, and this court declines to follow any such marking in this matter.