People v Evans (2026 NY Slip Op 50004(U))

[*1]

People v Evans

2026 NY Slip Op 50004(U)

Decided on January 6, 2026

Criminal Court Of The City Of New York, Bronx County

Moore, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 6, 2026
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstDavid Evans, Defendant.

Docket No. CR-016782-25BX

For the Defendant: The Legal Aid Society(by: Rhetta Eubanks, Esq.)For the People: Darcel D. Clark, District Attorney, Bronx County(by: ADA Bobby Chris Pavlatos)

Deidra R. Moore, J.

On June 18, 2025, David Evans (hereinafter referred to as "Defendant"), was arrested and charged with Vehicle and Traffic Law ("V.T.L.") §§ 600[2][a], 1212, 511[1][a], 509[2] and 600[1][a]. The Defendant was arraigned the same day and released on his own recognizance.
The People move to reargue the Court's oral decision, issued September 22, 2025, dismissing the accusatory instrument pursuant to C.P.L. § 30.30[1][b].
Upon review and consideration of the submissions, court file and relevant legal authority, the People's motion for reargument is DENIED.RELEVANT FACTUAL AND PROCEDURAL BACKGROUND
On June 18, 2025, the Defendant was arraigned on charges of V.T.L. §§ 600[2][a], 1212, 511[1][a], 509[2] and 600[1][a]. The case was adjourned for conversion and discovery compliance. A DMV abstract was required to convert two of the charges: V.T.L. § 511[1][a], aggravated unlicensed driving of a motor vehicle in the third degree, and V.T.L. § 509[2], operation of a motor vehicle without the class of license valid for such vehicle. A supporting deposition was required to convert the remaining three counts: V.T.L. § 600[2][a], leaving the scene of an incident without reporting (misdemeanor), V.T.L. § 600[1][a], leaving the scene of an incident without reporting (violation), and V.T.L. § 1212, reckless driving.
On July 24, 2025, the prosecution had not filed the supporting deposition, DMV abstract, certificate of compliance, or statement of readiness. The case was adjourned to September 22, 2025, for conversion and discovery compliance.
On September 15, 2025, the People filed and served, off calendar, a supporting deposition, certificate of compliance ("COC"), and statement of readiness ("SOR"). The DMV abstract was not filed.
On September 22, 2025, the parties appeared before this Court. The People moved to dismiss the counts charging violation of V.T.L. §§ 511[1][a] and 509[2], as these counts had not been converted. The Court issued an oral ruling, dismissing the accusatory instrument pursuant [*2]to C.P.L. 30.30[1][b]. The Court found that the People's speedy trial period had expired, as the accusatory instrument had not been converted to an information within the statutorily allotted speedy trial time. Sealing of the case was stayed for thirty days to allow the prosecution an opportunity to file a motion for reargument.
By motion dated October 20, 2025, the People moved to reargue the Court's oral ruling. The defense filed its opposition on November 14, 2025.

LEGAL FRAMEWORK
The prosecution must be ready for trial within ninety days of the commencement of the criminal action where, as here, the top count charged is a misdemeanor punishable by more than three months' imprisonment (C.P.L. § 30.30[1][b] and V.T.L. §§ 600[2][a] and 1212).
A valid statement of trial readiness must be preceded or accompanied by the filing of a criminal information,[FN1]
as well as a valid certificate of compliance certifying that the People have fulfilled their discovery obligations pursuant to C.P.L.§ 245.20 (see C.P.L. §§ 30.30[5] and 245.50[3]; People v. Caussade, 162 AD2d 4, 8 [2nd Dept 1990]). Additionally, a statement of readiness "shall not be valid unless the prosecuting attorney certifies that that all counts charged in the accusatory instrument meet the requirements of [C.P.L. §§ 100.15 and 100.40] and those counts not meeting the requirements of [C.P.L. §§ 100.15 and 100.40] have been dismissed" (C.P.L. § 30.30[5-a]). C.P.L. §§ 100.15 and 100.40 set forth the pleading requirements for a facially sufficient criminal information. Of particular relevance in the instant matter, C.P.L. § 100.40[c] provides that "[a]n information, or a count thereof, is sufficient on its face when. . .[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof."
DISCUSSION
I. Motion to Reargue
Pursuant to Civil Procedure Law and Rules ("C.P.L.R.") § 2221, court rulings in civil cases may be reconsidered upon the filing of a motion to renew or reargue. A motion to renew or reargue "shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry" (C.P.L.R. § 2221[d][3]). A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion" (C.P.L.R. § 2221[d][2]).
Although "the CPLR has no application to criminal actions and proceedings except where expressly referenced" (People v Jean Baptiste, 70 Misc 3d 706, 708 [Crim Court, NY County 2020], internal citations omitted), in the criminal context, "a trial court's inherent power to correct its own mistakes includes the power to grant leave to reargue, where appropriate" (People v DeFreitas, 48 Misc 3d 569, 576 [Crim Ct, NY County 2015]).
II. Partial Conversion vs. Facial Insufficiency of One or More Counts
The People ask the Court to reconsider dismissal of the accusatory instrument, primarily citing the case of People v Mills, 82 Misc 3d 767 [2023]. The People assert that the Mills court "wrestled with the question at hand," that is, "whether facial insufficiency of a count in a certified complaint warrants dismissal of the entire instrument." In Mills, the Defendant faced [*3]four counts, including one alleging violation of P.L. § 120.15, menacing in the third degree. The People's statement of readiness included the statutorily required C.P.L. § 30.30[5-a] language, certifying that all counts charged in the accusatory instrument met the requirements of C.P.L. §§ 100.15 and 100.40, and that those counts not meeting the requirements of C.P.L. §§ 100.15 and 100.40 had been dismissed. The defense challenged the facial sufficiency of the factual portion of the complaint charging the defendant with violating P.L. § 120.15. The defense further argued that because the menacing count was facially insufficient, the People's statement of readiness was invalid, as it had incorrectly certified that all counts met the requirements of C.P.L. §§ 100.15 and 100.40. The Mills court held that the menacing count was facially insufficient, but that dismissal of the entire accusatory instrument was neither required nor warranted.
The People's comparison of the instant matter with Mills is inapt. The question here is not whether a finding of facial insufficiency as to one count contained in an accusatory instrument requires dismissal of the entire accusatory instrument, but whether the People may validly state ready for trial when the accusatory instrument is only partially converted. These are distinct issues. Indeed, the Mills court itself acknowledged that the issue before it was not the issue of partial conversion: "Partial conversion refers to prosecution's practice of announcing ready on certain counts of an accusatory instrument and not others. It is not when the court subsequently finds a count of an accusatory instrument to be invalid. . . subsection [5-a] was specifically enacted under section CPL 30.30 to address this troublesome practice [of partial conversion] and had nothing to do with facial sufficiency analysis." (82 Misc 3d at 774, citing People v Arroyo, 78 Misc 3d 1239[A] [Crim Ct, Kings County 2023]).
The prosecution in Mills made a good faith statement of readiness, believing that the facts contained in their accusatory instrument supported the elements for all counts charged. Here, the prosecution could make no such good faith assertion. Whether the factual portion of a complaint makes out the elements of a charged offense is a matter open to interpretation; whether well-known converting documents have been filed is not. Here, the People knew that a DMV abstract was required to cure the hearsay used to charge the Defendant with violating V.T.L. §§ 511[1][a] and 509[2] but failed to file the abstract within the statutorily allotted speedy trial period. Although the People attempted to fix the partially converted complaint by dismissing the unconverted counts at the next court appearance, this endeavor was too late, as the speedy trial period had expired. The dispute before this Court could have been avoided had the People filed and served a superseding information, omitting the unconverted counts, before the speedy trial period elapsed.
The People failed to furnish an accusatory instrument on which the Defendant could be tried during the statutorily allotted speedy trial period; the portions of the complaint charging Defendant with violating V.T.L. §§ 511[1][a] and 509[2] did not meet the requirements of C.P.L. 100.40[1][c]. As a result, the statement of readiness filed and served on September 15, 2025, was illusory and failed to toll the speedy trial clock.
THE CPL § 30.30 CALCULATION
The first day counted for speedy trial purposes is the day after the commencement of the criminal action—here, the filing of the accusatory instrument (C.P.L. § 100.05; People v Stiles, 70 NY2d 765, 767 [1987]. The speedy trial clock was not stopped prior to September 22, 2025 (June 19, 2025—September 22, 2025 = 96 days).
As such, 96 days are chargeable to the People.
CONCLUSIONUpon review and consideration of the submissions, court file and relevant legal authority, [*4]the People's motion to reargue is DENIED.
Dated: January 6, 2026Bronx, New YorkHon. Deidra R. Moore, J.C.C.

Footnotes

Footnote 1:Where a defendant is charged by misdemeanor complaint, the complaint must be replaced by or converted to an information, unless the defendant waives prosecution by information and consents to be prosecuted by misdemeanor complaint (C.P.L. § 170.65[3]).