[3 NYS3d 889]

The People of the State of New York, Plaintiff, v Leslie Farrell, Defendant.

Criminal Court of the City of New York, Queens County, January 28, 2015

## APPEARANCES OF COUNSEL

*Anthony Ricco* for defendant.

*Richard A. Brown, District Attorney* (*Margaret Cheu* of counsel), for plaintiff.

## OPINION OF THE COURT

ELISA S. KOENDERMAN, J.

The defendant, Leslie Farrell, is charged with assault in the third degree, Penal Law § 120.00 (1), and harassment in the second degree, Penal Law § 240.26 (1). The defendant moves to dismiss the criminal action against her on the ground that she has been denied her statutory right to a speedy trial (*see* CPL 30.30 [1] [b]). In sum, she argues that the People's off-calendar notices of readiness were rendered illusory by their subsequent in-court announcements that they were not ready for trial. She contends therefore that the People are chargeable with more than 90 days since her arraignment. Because there is no proof that the People's statements of readiness did not accurately reflect their position at the time they were made, however, only 24 days are chargeable to them to date. Accordingly, the defendant's motion is denied.

Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of commencement of a criminal action charging a defendant with a misdemeanor punishable by a sentence of imprisonment of more than three months. Although a criminal action commences when the accusatory instrument is filed, counting for speedy trial purposes starts the following day (*see People v Stiles*, 70 NY2d 765 [1987]). Whether the People have satisfied their obligation to be ready under CPL 30.30 is generally determined by calculating the time between the filing of the first accusatory instrument and the People's declaration of readiness, then subtracting statutorily excludable periods of delay and finally adding any additional periods of postreadiness delay which are attributable to the People and ineligible for any exclusions under the statute (*see People v Cortes*, 80 NY2d 201 [1992]).

The defendant was arraigned on the misdemeanor complaint on January 28, 2014. The court released her on her own recognizance and adjourned the matter to March 5, 2014 for the People to file the supporting deposition necessary to convert the complaint to an information.[1] Off-calendar on January 31, 2014, the People filed and served a supporting deposition from

---

1. The defendant contends that she "waived motions" on January 28, 2014 and that the court adjourned the case to March 5, 2014 "for trial." Nevertheless, the court action sheet reflects that the case was adjourned for the People to convert the misdemeanor complaint to an information, which is a jurisdictional prerequisite to trial (*see* CPL 170.65[3]; *People v Hansen*, 95 NY2d 227, 230 [2000]; *People v Case*, 42 NY2d 98, 99 [1977], citing *People v*

the complainant with a notice of readiness. Once the People have announced their readiness upon a valid accusatory instrument, they have satisfied their obligation under the statute (*see People v Giordano*, 56 NY2d 524 [1982]). Moreover, a certificate of readiness, filed and served when a complaint is converted to an information, tolls the speedy trial clock (*see People v Stirrup*, 91 NY2d 434, 440 [1998]; *People v Smith*, 82 NY2d 676, 678 [1993]; *People v Sherman*, 24 Misc 3d 344, 349 [Crim Ct, NY County 2009]). Three days are chargeable to the People for this adjournment.

On March 5, 2014, the People again announced ready for trial and the court adjourned the matter to May 2, 2014 for open file discovery.[2] The period of delay for discovery by stipulation is excludable (*see People v Thomas*, 26 Misc 3d 144[A], 2010 NY Slip Op 50441[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Zero days are chargeable for this adjournment.

On May 2, 2014, the People provided open file discovery and the court adjourned the matter to June 17, 2014 for trial.[3] Since this period afforded defense counsel the opportunity to review the discovery by stipulation and prepare for trial, it is properly excludable as delay "caused by the defendant for [her] own benefit" (*People v Worley*, 66 NY2d 523, 527 [1985]; *see also People v Heine*, 238 AD2d 212 [1st Dept 1997]). Zero days are chargeable to the People.

On June 17, 2014, the People moved for an adjournment in contemplation of dismissal (ACD) with a full order of protection for the complainant.[4] The defendant indicated that she wanted to consider the People's offer and the court adjourned the matter to July 30, 2014 for possible disposition or trial.

---

*Harper*, 37 NY2d 96, 99 [1975]). The court is entitled to rely on calendar notations setting forth the reason for the adjournment to determine the instant motion (*see People v Russo*, 99 AD2d 498 [2d Dept 1984]; *see also People v Carter*, 115 AD2d 551 [2d Dept 1985]; *cf. People v Tolentino*, 71 AD2d 934 [1979]). The People concede that three days are chargeable to them for this adjournment.

2. The defendant contends that the People announced not ready on this date, but the People dispute this and the court action sheet reflects that they announced ready.

3. The defendant contends that the case was calendared for trial on May 2, 2014, but the People dispute this and the court action sheet reflects that they provided open file discovery on this date.

4. The defendant contends that the People announced not ready for trial on this date, but the court action sheet reflects that the matter was adjourned for possible disposition on consent.

Delays occasioned by adjournments which are requested or consented to by the defendant are not chargeable to the People (*see Worley*, 66 NY2d at 525; *People v Kopciowski*, 68 NY2d 615, 617 [1986]). Zero days are chargeable for this adjournment.

On July 30, 2014, the defendant rejected the People's offer of an ACD with an order of protection. The People announced not ready for trial and did not request an adjournment. The court adjourned the matter to October 9, 2014 for trial. Off-calendar on August 14, 2014, however, the People filed and served a notice of readiness for trial.

The People affirm in response to the instant motion that they announced not ready on July 30, 2014 because the complainant previously had informed them that she would not testify at trial. They further assert that they filed the off-calendar notice of readiness on August 14, 2014 because the complainant contacted them on August 13, 2014 and told them that she was now willing to testify against the defendant.

On October 9, 2014, however, the People announced that they were not ready because the complainant had the flu and requested a few days for her to appear. The court adjourned the case to October 14, 2014 for trial.

On October 14, 2014, when the case was first called, the People stated that they were not ready for trial and did not request an adjournment. At a second call of the case at their request, the People then indicated that the complainant was cooperative and that they would file a statement of readiness off-calendar when they again were ready to proceed. The court directed the People to move to advance the case for trial in that event, and adjourned the matter to December 19, 2014. The next day, on October 15, 2014, the People filed and served an off-calendar notice of readiness.

The People affirm that they announced not ready when the case first was called on October 14, 2014 because despite their repeated efforts they were unable to contact the complainant. They further assert that immediately thereafter they succeeded in reaching the complainant by telephone and that she reiterated that she was willing to testify; that she would have appeared that day had she been notified; and that she would appear in the future for trial.

On November 12, 2014, the case was advanced and added to the calendar for the defendant to file and serve the instant

speedy trial motion.[5] The court directed the People to respond by November 26, 2014 and adjourned the matter to January 15, 2015 for decision. On January 15, 2015, the court again adjourned the matter to January 26, 2015 for decision. The period of delay resulting from a defendant's pretrial motion and the time during which it is under consideration by the court is excludable (see *Worley*, 66 NY2d at 527; see also CPL 30.30 [4] [a]). Indeed, while a defendant's pretrial motion is sub judice, that period of delay is excludable regardless of the People's readiness (see *People v Douglas*, 209 AD2d 161, 162 [1st Dept 1994]). Zero days are chargeable to the People for this adjournment.

The primary issue in this case is whether the period of delay after the People filed the off-calendar notices of readiness on August 14, 2014 and October 15, 2014, respectively, should be charged to them since they were not ready for trial on the following adjournment date. Relying on *People v Sibblies* (22 NY3d 1174 [2014, Lippman, Ch. J., concurring]), the defendant contends that, absent an exceptional circumstance to justify their subsequent unreadiness, the People's off-calendar notices of readiness were illusory. *Sibblies* is inapposite, however, since its holding applies where the People announce ready for trial upon a valid accusatory instrument, but then, without explanation, request an adjournment to obtain additional evidence for trial (see *People v McLeod*, 44 Misc 3d 505, 508-509 [Crim Ct, NY County 2014] [holding that the "narrower" concurrence by Judge Graffeo in *Sibblies* is controlling precedent]). That is not what happened here. While the pattern of the People's announcements indicates that the complainant has not cooperated consistently with them, the record supports the conclusion that the People stated ready in good faith.

Readiness for trial "is not . . . an empty declaration that the People are prepared to present their direct case" (*People v England*, 84 NY2d 1, 4 [1994]). The People "must in fact be ready to proceed" when they announce ready for trial (*People v Chavis*, 91 NY2d 500, 505 [1998]). To be ready for trial, the People must "have done all that is required of them to bring the case to a point where it may be tried" (*England*, 84 NY2d at 4). At a minimum, the People must have a valid accusatory

---

**5.** Pursuant to the court's directive, after filing the October 15, 2014 notice of readiness, the People sought to advance the case for trial. When the defendant indicated that she intended to file a speedy trial motion, the court advanced the case to set a motion schedule.

instrument, have complied with their obligation to produce the defendant and have complied with all pretrial proceedings (*see People v Caussade*, 162 AD2d 4, 8 [2d Dept 1990]).

While a statement of readiness made "at a time when [they] are not actually ready is illusory" (*England*, 84 NY2d at 4), the People's statement of readiness is presumed to be accurate and truthful unless there is proof that it does not accurately reflect their position (*Sibblies*, 22 NY3d at 1180 [Graffeo, J., concurring]). Once the People have made a good faith declaration of present readiness, the court is entitled to rely upon that representation (*see Caussade*, 162 AD2d at 12). Indeed, the People are not required to "affirmatively prove that [they are] in fact ready for trial when [they make] that announcement" (*id.*). Moreover, the People's subsequent request for an adjournment does not necessarily invalidate an earlier, otherwise proper, statement of readiness (*see People v Robinson*, 171 AD2d 475, 476 [1st Dept 1991]).

Here, there is no proof that the off-calendar notices of readiness did not accurately reflect the People's position at the time they were filed and served. The People aver that the notices were predicated upon the complainant's expressed willingness to testify against the defendant. There is no evidence to refute the People's affirmation. That the complainant apparently changed her mind more than once about cooperating with the prosecution does not negate the People's good faith in announcing ready when they believed they were based upon her representations to them. Domestic violence victims frequently change their mind about cooperating with the prosecution for a variety of reasons. Whether the complainant's ambivalence is motivated, for example, by love, fear or self-interest, is not for the court to determine on this motion. Rather, it is for the People to investigate, since it bears directly on her credibility as a witness and in turn on the People's ability to prove their case beyond a reasonable doubt at trial. Should the People conclude that they are unable to meet their burden of proof in this case, it is ethically incumbent upon them to move to dismiss it (*see People v Wein*, 294 AD2d 78 [1st Dept 2002]). Finally, the question of whether the complainant ultimately will appear to testify against the defendant can only be answered at trial.

Accordingly, the People's properly filed and served off-calendar notices of readiness effectively tolled the speedy trial clock (*see Stirrup*, 91 NY2d at 440; *Smith*, 82 NY2d at 678). As

a result, 15 days are chargeable to the People from July 30, 2014 to August 14, 2014, and one day is chargeable to them from October 14, 2014 to October 15, 2014.

Conversely, because the People have presented no proof that the complainant's failure to appear was due to illness, they have failed to establish that the adjournment from October 9, 2014 to October 14, 2014 was occasioned by an exceptional circumstance (see People v Marshall, 91 AD2d 900, 901 [1st Dept 1983] ["(a)s long as the material witness' unavailability for medical reasons can be verified, that period of time should be excludable as an exceptional circumstance"]; see also People v Martinez, 268 AD2d 354, 354 [1st Dept 2000] ["the People tendered sufficient medical evidence to substantiate their claim of the officer's unavailability due to a legitimate medical reason"]; People v Pharr, 204 AD2d 126, 126 [1st Dept 1994] [delay attributable to arresting officers' injuries, which were "fully documented by medical records," constituted an exceptional circumstance]). Five days therefore are chargeable to the People for this adjournment.

Consequently, because only 24 days are chargeable to the People since arraignment, the defendant's motion to dismiss on speedy trial grounds is denied.

Nevertheless, under the circumstances of this case, in the event that the People again announce not ready for trial, the court will not accept a subsequent off-calendar notice of readiness as sufficient to toll the speedy trial clock unless it is accompanied by an affirmation containing sworn allegations of fact explaining the change in the People's position (cf. People v Nunez, 47 AD3d 545, 546 [1st Dept 2008] [where the record supported the finding that the People's request for an adjournment was an illusory expectation of future readiness, the court properly rejected their request and directed them to file a certificate of readiness]).