People v Urquiza (2025 NY Slip Op 50121(U))

[*1]

People v Urquiza

2025 NY Slip Op 50121(U)

Decided on February 4, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 4, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Urquiza, Defendant.

Docket No. CR-027900-23QN

For the People: Melinda Katz, District Attorney of Queens County (by Philip Amur)
For Mr. Urquiza: The Legal Aid Society (by Malik Callender)

Wanda L. Licitra, J.

Pending before the court is a C.P.L. § 30.30 motion. Whether the prosecution has exhausted their C.P.L. § 30.30 limit "is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion." (People v. Cortes, 80 NY2d 201, 208 [1992]).
This is how a C.P.L. § 30.30 motion proceeds. First, the defense must "sufficiently allege that the People were not ready within the statutory period." (People v. Labate, 42 NY3d 184, 190 [2024] [internal quotation marks omitted]). Second, in their response, "the People have the burden of showing their entitlement to a statutory exclusion." (Id. [internal quotation marks omitted]). As a part of that requirement, "the People bear the burden of ensuring that the record explains the cause of adjournments sufficiently for the court to determine which party should be properly charged with any delay." (Id. at 193 [internal quotation marks omitted]); see also id. at 194 ["[W]here, as here, the court grants adjournments after the People have announced the indictment ready for trial, the burden rests on the People to clarify . . . the basis of the adjournment so that on a subsequent CPL 30.30 motion the court can determine to whom the adjournment should be charged."] [internal quotation marks omitted]). Finally, after the prosecution has claimed and proven up exclusions in their response, the defense "challenges . . . the People's claimed exclusions . . . in a reply." (People v. Allard, 28 NY3d 41, 46 [2016]).
The defense here sufficiently alleges that the prosecution was not ready within the statutory period. Well beyond ninety days, (see C.P.L. § 30.30[1][b]), have elapsed since the prosecution commenced this case, (see Labate, 42 NY3d at 190 ["Mr. Labate sufficiently alleged that the People were not ready within 90 days as 420 days had elapsed between his indictment and the date of his CPL 30.30 motion."]). The burden therefore shifts to the prosecution to show their entitlement to exclusions.
The prosecution commenced this case on September 23, 2023, and they establish that they filed their statement of readiness on November 22, 2023. That is sixty days of delay. Even assuming that this statement was not illusory (which is one of the defense's arguments), the prosecution still fails to establish that their subsequent post-readiness delays fall within the [*2]statutory limit. Indeed, in their response, the prosecution addresses only their certificate of compliance and initial statement of readiness—nothing else. The court therefore looks to the existing record to determine whether the prosecution caused any post-readiness delay that would be excludable under the statute.[FN1]

The first issue concerns the prosecution's requested adjournments. "In a postreadiness context, . . . when the People request an adjournment to a specific date, the requested time is ordinarily charged to the People." (Labate, 42 NY3d at 190). That rule includes when, on a date scheduled for pre-trial suppression hearings, "the People are not ready for [the] hearings." (People v. Taylor, 16 Misc 3d 339, 344 [Crim. Ct., NY County 2007] [Mandelbaum, J]). "For at that point the People, by their non-readiness, will have prevented the court from rendering its decision on the defendant's motion to suppress, thereby impeding the case from proceeding to trial." (Id.).
It is undisputed that the prosecution was not ready to proceed on March 14, 2024. The record indicates that the prosecution stated: "[T]he People are not ready as to the hearings. No information as to why we are not ready." The court adjourned the case to April 11, 2024. The very next day, on March 15, 2024, the prosecution filed a statement of readiness. The prosecution never provided an explanation for why they were not ready on March 14, 2024.
In People v. Labate, the Court of Appeals held that its "precedents consistently explain that if the People are not ready for trial after they have declared readiness and seek an adjournment, the People must provide an explanation for their post-readiness requests for adjournments either some time before or in response to a defendant's CPL 30.30 motion." (42 NY3d at 193). This rule requires that "the People ultimately . . . explain the reason for their change in readiness status," (id. [internal quotation marks omitted]), and "ensure[s] that a sufficient record is made for the court to determine whether the delay is excludable." (Id. at 195). "In all events . . . , the People must establish a valid reason for their unreadiness in response to a defendant's CPL 30.30 motion." (Id. at 193 [internal quotation marks omitted]). "[W]hen the People have failed to offer a reason for a postreadiness adjournment causing delay of a previously scheduled trial [or hearing] date, they are charged with the entire delay, not merely the length of the adjournment they requested." (Id. at 194).
Here, the prosecution never explained the basis for their adjournment request on March 14, 2024, but then filed an off-calendar statement of readiness the next day. This is functionally equivalent to the prosecution stating not ready, requesting a one-day adjournment, and failing to explain their request. Since the prosecution failed to ever explain the basis for their adjournment request on March 14, 2024, the entire adjournment from March 14, 2024, to April 11, 2024, must be charged to them. (See id. at 193-95). That adds twenty-eight days of delay.
Later, on June 5, 2024, the prosecution again stated not ready, and they did not request a specific date. They stated that, "[t]he People's witness was actually in a line of duty accident so the People are not ready today," that "[t]here is no exact date yet for when the officer will return," and that the officer would need "time to recover from the accident." The court declined to rule on whether the adjournment was excludable, informing the prosecution that it would need to see "when this injury occurred, the nature of the injury, [and] when we believe he'll be able to come back to court." The case was adjourned to July 24, 2024.
On July 24, 2024, the prosecutor explained that since the last date, he had spoken with the Highway Unit's desk sergeant, who told him that the witness—now identified as Officer Rivera—had been involved in a "line-of-duty incident," but did not specify "the exact incident details." The court requested that the prosecution bring medical records to substantiate the officer's unavailability. The prosecutor also stated that he was "only told that [Officer Rivera] is still on restricted duty with no firearms and that the only way through which [he] would be able to [obtain] those records is by subpoenaing them." The prosecutor claimed that doing so would require a HIPAA waiver. The court again made clear to the prosecution that it routinely requires documentation to establish medical unavailability. It also made clear to the prosecution that it would require such documentation should a C.P.L. § 30.30 motion come before it.
In response to the instant motion, the prosecution does not address this adjournment at all, let alone provide any documentation. Under C.P.L. § 30.30[4][g], the prosecution is excused from delay that is:
occasioned by exceptional circumstances, including . . . the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period.
Thus, the unavailability of a prosecution witness may be a sufficient justification for excludable delay so long as:
(1) The witness was a "material witness," (People v. Womack, 229 AD2d 304, 304 [1st Dep't 1996]); and
(2) The prosecution "attempted with due diligence to make the witness available," (People v. Zirpola, 57 NY2d 706, 709 [1982]); and
(3) The "reason for the witness's unavailability" justifies excluding the time as an exceptional circumstance, (People v. Harrison, 171 AD3d 1481, 1483 [4th Dep't 2019]).
Under the 2020 "suite of criminal justice reforms," (see Labate, 42 NY3d at 198), "[a]ny such exclusion when a statement of unreadiness has followed a statement of readiness made by the people . . . shall only be approved upon a showing of sufficient supporting facts," (C.P.L. § 30.30[4][g]). Even before that explicit statutory requirement, though, courts routinely expected prosecutors to establish a material witness's medical unavailability with some documentary proof. (E.g., People v. Marshall, 91 AD2d 900, 901 [1st Dep't 1983] [holding that time could be excluded "[a]s long as the material witness's unavailability for medical reasons can be verified"]; People v. Farrell, 47 Misc 3d 524, 530 [Crim. Ct., Queens County 2015] ["[B]ecause the People [*3]have presented no proof that the complainant's failure to appear was due to illness, they have failed to establish that the adjournment . . . was occasioned by an exceptional circumstance."]; People v. Frimprong, 47 Misc 3d 1227[A], at *4 [Crim. Ct., Bronx County 2015] ["Absent sufficient documentation evidencing Officer McGee's physical condition and resultant inability to appear in Court, such as certified medical records, an affirmation from the treating physician, or an affidavit from Officer McGee himself, this Court finds the People's representations concerning the arresting officer's unavailability to be unavailing."]; People v. Pastana, 195 Misc 2d 883, 843 [Crim. Ct., NY County 2003] ["[T]he People's conclusory assertion that the officer was medically unavailable is ordinarily insufficient to justify excluding [a] period without at least documentary verification."]).[FN2]

At the very least, the prosecution fails to establish that the reason for the officer's unavailability justifies excluding any specific time between June 5, 2024, and July 24, 2024. In fact, the prosecution has never even represented what injury their witness allegedly sustained, which leaves the court incapable of determining how long, if at all, he was reasonably unable to come to court. But even if the prosecution had made those representations, their record would still fall short. Despite this court's orders otherwise, they have never provided any medical records or any other documentation establishing the officer's condition or unavailability. Because there are not "sufficient supporting facts," (C.P.L. § 30.30[4][g]), to exclude any time between June 5, 2024, and July 24, 2024, the entire adjournment is charged. This adds forty-nine days.
The final issue concerns the prosecution's delay in responding to the instant motion. Under C.P.L. § 30.30[4][a], a "reasonable period of delay resulting from . . . pre-trial motions" must be excluded from any such calculation. As that rule implies, however, if the prosecution unreasonably delays proceedings on a pretrial motion, then that delay is attributable to them and ineligible for exclusion. Where prosecutors violate a court-imposed deadline without court permission, the delay after the deadline is unreasonable as a matter of law. "Thus," as our department's Appellate Division has consistently held, "the People are chargeable with the time between [a] court-imposed deadline to respond . . . and the date on which the People actually filed a response." (People ex rel. Ferro v. Brann, 197 AD3d 787, 788 [2d Dep't 2021]; see also People v. Delosanto, 307 AD2d 298, 299 [2d Dep't 2003] ["[T]he Supreme Court should have charged the People with a 13-day period [between] a court imposed deadline to respond to one of the defendant's pretrial motions [to] the date that the People actually filed a response."]; People v. Gonzalez, 266 AD2d 562, 563 [2d Dep't 1999] [holding that a period between which "the People were originally scheduled to respond" and "the date upon which they actually did respond" should be "charged to the People" because "it constitutes a period of unreasonable delay"]; People v. Commack, 194 AD2d 619, 620 [2d Dep't 1993] ["[T]he last 10 days . . . should be charged to the People because the People did not respond to the motion until 10 days after the court-ordered deadline."]).
On July 24, 2024, the court ordered the defense to file their papers by August 13, 2024, and ordered the prosecution to respond by September 3, 2024. The defense filed their motion on time; the prosecution did not. Instead, the prosecution arrogated a unilateral twenty-day [*4]extension to themselves, filing their response on September 23, 2024.
Lawyers must file their papers on time, lest they be held responsible for the delay they create. "This is not too much to ask." (People v. Beshiri, 75 Misc 3d 1206[A], at *1 [Crim. Ct., Bronx County 2022]). "[F]iling papers when they are due, absent permission from the Court, should be table stakes." (Id.). Certainly, all lawyers are busy with other motions and hearings and cases. As a result, the court understands that both prosecutors and defense attorneys may sometimes be unable to make their original deadlines. In such instances, a lawyer must request an extension from the court. What the lawyer cannot do, however, is arrogate a unilateral extension to themselves under their own "self-created" schedule. (Id.). Doing so creates unreasonable delay in the proceedings, and where the lawyer represents the prosecution, the court "should . . . charge[]" that delay to "the People." (See, e.g., Delosanto, 307 AD2d at 299). The prosecution is therefore responsible for the delay between September 3, 2024—the "court-imposed deadline to respond," (see Ferro, 193 AD3d at 788)—and September 23, 2024—"the date on which the People actually filed a response," (see id.). That is twenty days.
In total, the prosecution is responsible for 157 days of delay. Therefore, the court is required to dismiss the case. (See C.P.L. § 30.30[1][b]).
Any other issues are moot.
The foregoing constitutes the order and decision of the court.
Dated: February 4, 2025
Queens, NY
Wanda L. Licitra, J.C.C.

Footnotes

Footnote 1:The prosecution may show their entitlement to an exclusion "contemporaneously in open court" at the calendar call or "in response to a defendant's motion under CPL 30.30." (People v. Labate, 42 NY3d 184, 193 [2024]). As a result, even though the prosecution did not submit transcripts of the relevant calendar calls in their response to this motion, the court ordered and reviewed them. (See id.; see also People v. Suarez, 51 Misc 3d 620, 625 [Crim. Ct., NY County 2016] [Statsinger, J.] [generally noting that "a court may take judicial notice of its own records"]).

Footnote 2:As an aside, these records may require a court-ordered subpoena, but they do not require a HIPAA waiver. (See 45 C.F.R. 164.512[e] [creating an exception to HIPAA for court orders]). The prosecution did not seek such a subpoena here.